## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Elizabeth Traynor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No.** |
| v. | ) | |
| | ) | |
| Davy Liu d/b/a Davy Liu Studio Gallery, | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

This is an action for copyright infringement and violation of Common Law prohibitions against breach of contract.

Plaintiff, Elizabeth Traynor ("Traynor"), hereby petitions this Court to preliminary and permanently enjoin Defendant, Davy Liu ("Liu"), from copying of Plaintiff's photographic and textual works, and reproducing, distributing, publishing and/or displaying such works. In support of her Complaint, Plaintiff avers as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Elizabeth Traynor ("Traynor") is an individual residing at 2109 Silverside Road, Wilmington, Delaware, 19810.

2.      Upon information and belief, Defendant, Davy Liu, ("Liu") is a resident of California, who does business under the name Davy Liu Studio Gallery ("Gallery"), located at 3275-K Laguna Canyon Road, Laguna Beach, California, 92651.

3.      This Court's jurisdiction over matters arising under the copyright laws is proper under 28 U.S.C. § 1338(a). Furthermore, this Court has original jurisdiction to hear

breach of contract claims that are joined with substantial and related claims under the copyright laws, pursuant to 28 U.S.C. § 1338(b), and supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

4.      Traynor is a resident of Delaware, and Liu sought out Traynor's services in Delaware, and made representations to Traynor while she was still a resident of Delaware that caused her to resign her position as Illustration Department head and full-time teacher with the Delaware College of Art to partner with Liu, and to perform services on behalf of the partnership in Delaware as well as in California. Further, Liu's infringing activities occurred in Delaware and elsewhere. Accordingly, on information and belief, Liu is subject to the personal jurisdiction of this Court.

5.      An actual controversy between the parties exists in this jurisdiction under 28 U.S.C. § 2201.

6.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 *inter alia*, because some of the acts complained of occurred in this District including that Plaintiff was targeted in this District and performed services for Defendant in this District, and Plaintiff Traynor resides here.

## COUNT I –
## COPYRIGHT INFRINGEMENT, 17 U.S.C. §501 ET SEQ.

7.      Traynor repeats and realleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

8.      Traynor is a skilled artist and the creator of numerous works of authorship, including works of art, photographs, written works, and other creative works. Traynor had

been a full time teacher of art for many years, and, until July 2004, headed the Illustration Department at the Delaware College of Art and Design. In addition to her knowledge and talent as an artist, Traynor has considerable background in the "business of art", having an understanding of the business issues involved in running studios and art galleries.

9.      In May 2004, Traynor and Liu began discussing Traynor's management of the Davy Liu Studio Gallery which opened in 2004. Liu continued pursuing a partnership with Traynor and, in June 2004, suggested Traynor visit the Gallery in July 2004 to explore that opportunity. Traynor agreed to visit the Gallery in July.

10.     Prior to visiting the Gallery in July, Liu requested Traynor's assistance in editing a promotional piece for the Gallery. Because English is not Liu's first language, Traynor found it necessary to re-write the text of the promotional piece.

11.     Traynor traveled to California on July 15, returning to Delaware on July 30. While in California, Traynor spent eighty-seven (87) hours working in the Gallery, providing assistance in various areas including organizing the studio, organizing the administration areas of the studio, teaching Liu about business aspects of running the Gallery, and editing, proofreading, designing and writing promotional materials for the Gallery and for the August 21 show. Traynor paid her own airfare and car rental costs, and received no payment for the many hours she worked at the Gallery.

12.     During the July 2004 visit, Liu offered Traynor a partnership in the Gallery, and suggested that she be given the title of director of the Gallery, with the expectation she would take over complete control of the Gallery business within a year. The parties agreed Traynor would move from Delaware to California in early October 2004. Liu stated Traynor

would be provided with business cards reflecting her position as "Gallery Director" following her relocation to California.

13.    As compensation for her efforts, Liu agreed that Traynor would receive 10% of the price of the paintings sold at the Gallery, beginning with the August 21, 2004 show. In addition, Traynor would be given studio space in the Gallery studio in order to allow her to continue her own artistic endeavors. Liu also agreed to provide Traynor with $1,000 as an advance to cover her moving expenses from Delaware to California.

14.    On July 22, 2004, Traynor accepted Liu's offer of partnership, and based on his promises and representations, resigned her position with the Delaware College of Art and Design in order to prepare for her move to California in the fall of 2004 to become Director of the Gallery.

15.    Because of her role as Liu's partner and the Director of the Gallery, the parties agreed it was important for Traynor to help prepare for and attend the August 21, 2004 Gallery show. Liu bought a plane ticket for Traynor for this purpose, although Traynor paid for her own car rental and other expenses while in California.

16.    Traynor still lived in Delaware prior to the August 21, 2004 show. Leading up to the August 21, 2004 show, Liu called upon Traynor to provide assistance in creating and editing promotional materials for the Gallery, and in particular for the August Gallery show. For example, at Liu's behest, working from Delaware, Traynor created a press release for the August 2004 "Pros Unveiled" Gallery show. A copy of the press release, bearing Traynor's copyright notice, was forwarded to Liu upon its completion.

17.     On August 18, 2004, Traynor returned to California to undertake the duties of the Director of the Gallery and prepare the Gallery for its inaugural event on August 21. Traynor exerted considerable efforts in preparation for the event, spending more than 40 hours on various tasks ranging from supervising employees to preparing and hanging paintings to cleaning, shopping for supplies, and preparing food and beverages for the event.

18.     In the days leading up to the August 21 Gallery show, and during the event itself, Traynor was introduced by Liu as the new Gallery director to everyone coming to the Gallery, including the participating artists.

19.     Subsequent to the August 21 Gallery show, Traynor returned to Delaware to prepare for her move to California. While still in Delaware, Traynor devoted significant creative energies and time to designing and editing promotional materials for the Gallery, including creating new text for such materials.  Among the works authored by Traynor while in Delaware were: copy for a full color brochure promoting the Gallery; biographies of the artists in the Gallery; and a mission statement for the Gallery ("Statement").

20.     During the August 21, 2004 Gallery show, Traynor took 71 photographs of the Gallery and of the people attending the show ("Photographs"). The Photographs were subsequently downloaded to Liu's computer, and copies were uploaded to and displayed on the Davy Liu Studio Gallery's website, located at www.davyliu.com ("Website"). The Statement was similarly posted on the Website.

21.     Traynor moved to California on October 3, 2004, and began working at the Gallery on October 5, 2004.  Traynor worked full time at the Gallery for nearly three weeks,

spending more than 40 hours each week doing Gallery business, with additional hours each week spent in unpacking, setting up and working at her personal illustration business.

22.    On October 25, 2004, Traynor ceased working for Liu due to irreconcilable differences with Liu and began to move her studio equipment out of the Gallery studio space. On November 3, 2004, Traynor requested full payment of the compensation due her, including the promised funds to cover her moving expenses. In response to her request, Liu informed Traynor that he would not be paying her "one cent".

23.    Traynor returned to Delaware on December 15, 2004, where she continues to reside.

24.    On November 19, 2004, Traynor filed applications for registration of the copyrights in the Photographs and in the Statement and other promotional materials (collectively hereinafter the "Works") with the U.S. Copyright Office. The Photographs, depicting the Gallery opening and reception, were granted Registration No. VA-1-290-747. The collection of promotional materials, including the Statement, was granted Registration No. TX-6-196-050. Copies of these registrations are attached as Exhibit "A". Copies of the Works are attached as Exhibit "B".

25.    On information and belief, the August 21, 2004 show generated approximately $6,000 in sales that day. Additional sales, of an amount believed to be approximately $6,000, were made subsequent to August 21 and prior to October 25, 2004.

26.    Traynor was never paid for her work at the Gallery, and never received the commission of ten percent (10%) of sales, or the promised $1,000 advance.

27.    Traynor is currently and at all relevant times has been the author and sole proprietor of all right, title, and interest in and to the copyrights in the Works. Traynor has produced, distributed and protected the Works in strict conformity with the provisions of the Copyright Act of 1976, and all other laws governing copyrights.

28.    Despite offering to compensate Traynor for her services as Director of the Gallery, Liu never paid Traynor. Traynor was never an employee of Liu or the Gallery. At all times Traynor has been an independent contractor for Liu.

29.    There is no agreement, written or oral, between Traynor and Liu governing Liu's use of the Works on the Website or in the Gallery.

30.    In December 2005, Plaintiff learned that Defendant Liu was using and displaying at least eleven (11) of the Photographs, along with the Statement, on the Website. The mission statement posted on the Website was identical in content to the Statement created by Traynor. The photographs posted on the Website are identical electronic copies of the Photographs.

31.    On January 31, 2005, Plaintiff's attorney sent a letter to Liu advising him of Plaintiff's copyrights in the Photographs and Statement, and Liu's infringement of the same, as well as the penalties that could be faced by Liu as a result of his infringing activities.

32.    Following conversations with Plaintiff's attorney, Defendant's attorney responded by letter dated February 8, 2005 advising that the photographs had been removed from the Website.

33.    Although it appeared that the infringing photographs had been removed from the Website at that time, the Statement remained on the Website and continued to be prominently displayed therein. Further, on information and belief, Liu continued to reproduce and distribute written materials, including the Gallery's color brochure, containing an exact copy of the Statement.

34.    Traynor recently became aware that Defendant had again posted at least seventeen (17) of the Photographs on the Website, and as of the date of this Complaint, twenty-one (21) Photographs are on display on the Website.

35.    As of the date of this Complaint, Defendant continues to engage in the unauthorized reproduction, display, distribution and transmission of the Works, both within this District and without.

36.    Liu's reproduction of the Works, display of the Works on the Website, and the distribution and transmission of the Works through the internet is without Traynor's permission, and constitutes infringement of Traynor's rights in such Works.

37.    By the actions alleged above, Defendant has infringed and will continue to infringe Plaintiff's copyrights in and relating to the Works by reproducing, distributing and displaying works which comprise or which contain direct copies of one or more of Plaintiff's copyrighted Works.

38.    To date, Traynor has never received payment for her work at the Gallery or any licensing fee for the right to use, display or reproduce or create derivative works from any of her Works, despite making repeated requests of Liu for the same.

39.    Defendant has reproduced, distributed and displayed copies of the Works without authorization from Plaintiff, and continues to do so.

40.    On information and belief, Defendant has profited from the unauthorized use, display and reproduction of the copyrighted Works.

41.    Defendant's unauthorized and continued use, display and reproduction of the Works constitutes copyright infringement under 17 U.S.C. § 501.

42.    Defendant's deliberate and unauthorized used of the copyrighted Works continues despite actual notice of Plaintiff's rights in the same, and therefore constitutes a willful violation of Plaintiff's rights under 17 U.S.C. § 106.

43.    Plaintiff has been and continues to be damaged by Defendant's unauthorized use of the copyrighted Works.

44.    Plaintiff is entitled to recover from Defendant the damages, including costs and reasonable attorneys' fees, Plaintiff has sustained and will sustain, and any gains, profits and advantages obtained by Defendant's acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

45.    Plaintiff is entitled to an injunction restraining Defendant, Defendant's agents and employees, and all persons acting in concert with him, from engaging in any further such acts in violation of the Copyright Laws.

## COUNT II
## COMMON LAW BREACH OF CONTRACT

46.     Traynor repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

47.     Plaintiff accepted Defendant's offer of partnership, and accompanying terms of compensation, and performed services for Defendant. Plaintiff acted to her detriment based on Defendant's promises, resigning her employment in Delaware, and moving to California to continue providing services to Defendant, based on Defendant's representations that she would be compensated with a share of profits, which representations proved false.

48.     Plaintiff accepted Defendant's offer, and acted on such offer, at great personal and professional expense to Plaintiff, with financial expenditures in excess of $14,000. Additionally, Plaintiff expended great efforts, valuable time, and resources, and creative energies to assist Defendant in opening and promoting his Gallery, including but not limited to the development of original works of authorship. Defendant was and is aware that Plaintiff expected compensation for her efforts and energies.

49.     Defendant has not compensated Plaintiff and Defendant continues to benefit from services rendered by Plaintiff on Defendant's behalf. Defendant has been unjustly enriched at Plaintiff's expense.

50.     The aforesaid conduct of Defendant has caused and, if not enjoined, will continue to cause irreparable damage to Plaintiff's rights. Traynor's damages from the aforesaid unlawful actions of Defendant are not yet determined.

WHEREFORE, Plaintiff seeks the following relief:

(a)      an order declaring that Defendant has infringed and is infringing Plaintiff's copyrights and is liable therefore pursuant 17 U.S.C. § 501;

(b)      an order that Defendant has breached a contract with Plaintiff, in violation of Plaintiff's rights under the common law;

(c)      an order that Defendant has willfully violated Plaintiff's rights;

(d)      preliminary and permanent injunctive relief enjoining Defendant, his successors, assigns, transferees, and all persons acting or claiming to act on their behalf from reproducing, distributing, displaying, advertising, creating derivative works from, using or selling unauthorized copies of, the Works;

(e)      an order requiring destruction of all paper and electronic copies in Defendant's possession which use or incorporate the copyrighted Works in violation of Plaintiff's rights;

(f)      a money judgment awarding Plaintiff damages for Defendant's willful violation of Plaintiff's statutory and common law rights, including Plaintiff's actual damages, any profits attributable to infringements of Plaintiff's copyrights, and statutory damages of not more than one hundred and fifty thousand dollars ($150,000.00) for each instance of copyright infringement.

(g)      a judgment awarding Plaintiff attorneys' fees and all costs and disbursements incurred in this action (17 U.S.C. § 505);

(h)    a judgment to compensate and reimburse Plaintiff for the agreed-upon

percentage of sales and expenses; and

(i)    such other relief as the Court deems appropriate.

Respectfully submitted,

Patricia S. Rogowski
Delaware Bar No. 2632
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141

OF COUNSEL:
Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
Suite 800
1990 M Street NW
Washington, DC 20036-3425
(202) 331-7111

CBLH #458033-1



## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-290-747**

EFFECTIVE DATE OF REGISTRATION

**NOV 19 2004**
Month        Day        Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**

**Title of This Work ▼**    **NATURE OF THIS WORK ▼** See Instructions

*August 21, 2004 Gallery Opening and Reception*    *71 Photographs (Digital)*

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give    **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

**2**

**NAME OF AUTHOR ▼**    **DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**a** *Elizabeth Anne Traynor*    1959

**NOTE**

Under the law the "author" of a "work made for hire" is generally the employer not the employee (see instructions). For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of *U.S.A.*
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes    ☒ No
Pseudonymous?    ☐ Yes    ☒ No
If the answer to either of these questions is "Yes" see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☒ Photographs    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b**

**Name of Author ▼**    **Dates of Birth and Death**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes    ☐ No
Pseudonymous?    ☐ Yes    ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**Year in Which Creation of This Work Was Completed**
**a** *2004*
This information must be given Year in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
**b** Month *October*    Day *6*    Year *2004*
*U.S.A.*    Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

*Elizabeth Anne Traynor*
*60 Grotto*
*Aliso Viejo, CA 92656*

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
**NOV 19 2004**
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
**NOV 19 2004**
FUNDS RECEIVED

---

**MORE ON BACK ▶**    Complete all applicable spaces (numbers 5-9) on the reverse side of this page.

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes" why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form

b. ☐ This is the first application submitted by this author as copyright claimant

c. ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is "Yes," give **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions
before completing
this space

b. **Material Added to This Work** Give a brief general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Elizabeth A Traynor
60 Giotto
Aliso Viejo, CA 92656

Area code and daytime telephone number  (302) 983 - 3099          Fax number  (    )

Email  etraynor@earthlink net

**8**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

*Elizabeth Anne Traynor* check only one ▶

☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Elizabeth Anne Traynor          Date  11/16/04

Handwritten signature (X) ▼

X  *Elizabeth Anne Traynor*

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Elizabeth Traynor

Number/Street/Apt ▼
60 Giotto

City/State/ZIP ▼
Aliso Viejo, CA 92656

Complete all necessary spaces
Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue S.E
Washington DC 20559-6000

**9**

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection

ertificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TX 6—196—050**

EFFECTIVE DATE OF REGISTRATION

11 / 19 / 2004
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

Promotional Text 2004

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

---

**2**

**a  NAME OF AUTHOR ▼**
Elizabeth Anne Traynor

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1959    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
New text. Editorial Revisions. Entire text. for Gallery advertising&promotion.

**b  NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c  NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

---

**3**

**a  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
2004
Year in all cases.

**b  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month October   Day 6   Year 2004
Nation U.S.A.

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Elizabeth Anne Traynor
60 Giotto
Aliso Viejo, CA 92656

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
NOV 1 9 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
NOV 1 9 2004
FUNDS RECEIVED

See instructions before completing this space.

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.     **DO NOT WRITE HERE**

| EXAMINED BY | slm | FORM TX |
| --- | --- | --- |
| CHECKED BY | | |
| ☑ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▶              **Year of Registration** ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

**6**

See instructions before completing this space.

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                          **Account Number** ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/ Apt/City/State/ZIP ▼

Elizabeth Traynor
60 Giotto
Aliso Viejo, CA 92656

**b**

Area code and daytime telephone number ▶ 302-983-3099        Fax number ▶
Email ▶ etraynor@earthlink.net

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Elizabeth Anne Traynor     Check only one ▶
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Elizabeth Anne Traynor                          Date ▶ 11/17/04

Handwritten signature (X) ▼

X Elizabeth Anne Traynor

Certificate will be mailed in window envelope to this address:

| Name ▼ |
| --- |
| Elizabeth Traynor |
| Number/Street/Apt ▼ |
| 60 Giotto |
| City/State/ZIP ▼ |
| Aliso Viejo, CA 92656 |

**9**

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office - TX
101 Independence Avenue, S.E.
Washington, D.C. 20559-6222

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection

**B**



















Davy Liu Studio 2004 © copyright. All rights reserved.









From left to right:
Davy List
John Watkiss
Elizabeth Traynor
Erik Tiemens
Dave Goetz





Erik Tiemens

**John Watkiss** is an illustrator, production designer, professor, comic book artist, storyboard artist and more. He created the look of Tarzan, the great animated epic you see on the silver screen.

**Erik Tiemens** is currently art directing Star Wars Episode 3 with Lucas Films. He has worked on films from Forest Gump, Jurassic Park and Cliff Hanger.

**Davy List** is a production designer, illustrator, painter and producer who has worked on films from Beauty and the Beast and The Lion King to Atlantis. He is currently producing his own movie, "The Giant Leaf".

**Bill Perkins** was an art director for Aladdin; also known for his work as an storyboard, layout artist, and development artist on films such as Shrek, Fantasia 2000, Space Jam and more.

**Dave Goetz** is an animation director and production designer for films such as Atlantis and The Hunchback of Notre Dame, as well as a painter and teacher. He is currently working as a director in Walt Disney feature animation.





I want to promote Erik here
so Erik talk about your passion
and your everyday life
and we will talk about the up
coming show



## PROS UNVEILED

*Drawings ~ Paintings ~ Films*

Davy Liu
Studio Gallery
w w w . d a v y l i u . c o m

## Mission Statement

*Displaying professional,
personal passion, and
excellens for the visual arts.*

*We features accomplished artists in the
animation and film industries. Each artist
presents drawings and paintings inspired by
their daily observations of life and art.
The great understanding of color
design, and visual impact that brings
them such success in their professional
careers is realized even more deeply in their
personal work.*

Davy Liu
Studio Gallery
3275K Laguna Canyon Rd, Laguna Beach, CA 92651
949-497-3993 · Open Monday - Sunday 10 am - 7 pm

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ELIZABETH TRAYNOR

**(b)** County of Residence of First Listed Plaintiff    New Castle, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207, Wilmington, DE 19899      302-658-9141

## DEFENDANTS

DAVY LIU

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Malinda Lindgren
17330 Brookhurst Street, Suite 295, Fountain Valley, CA 92708

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☑ 3   Federal Question
(U.S. Government Not a Party)

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☑ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 USC 501

Brief description of cause:
Copyright infringement and breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
July 19, 2006

SIGNATURE OF ATTORNEY OF RECORD
*Patricia S. Rogowski*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _0 6 – 4 4 1_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____|_____ COPIES OF AO FORM 85.

_JUL 2 0 2006_____          _Paul J. Freeman / Parcel's_
(Date forms issued)                    (Signature of Party or their Representative)

_PAUl J. FREEMAN_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action