IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH TRAYNOR,       )<br>                                              )   C.A. No. 06-441<br>            Plaintiff,           )<br>    v.                                   )<br>                                              )<br>                                              )   JURY TRIAL DEMANDED<br>DAVY LIU d/b/a DAVY LIU STUDIO  )<br>GALLERY,                        )<br>                                              )<br>            Defendant.          ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

1. Defendant has insufficient information to admit or deny the averment.

2. Admitted.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

COUNT I

7. Defendant repeats answers to paragraphs 1-6.

8. Defendant has insufficient information to admit or deny the averment.

9. Denied.

10. Admitted.

11. Denied.

12. Denied.

13. It is admitted that the defendant permitted plaintiff to use space in his gallery to

pursue her own artistic endeavors. Defendant further admits that he agreed that the plaintiff would receive 10% commission on the paintings that she sold. The balance of the averment is denied.

14. Denied.

15. Denied.

16. It is admitted that the plaintiff assisted the defendant in creating promotional materials for the gallery. The balance of the averment is denied.

17. Denied.

18. Admitted.

19. Denied.

20. It is admitted that the plaintiff took photographs and gave them to the defendant. It is admitted further that the photographs were shown on the website. The balance of the averment is denied.

21. Denied.

22. Denied.

23. Defendant has insufficient information to admit or deny the averment.

24. Defendant has insufficient information to admit or deny the averment.

25. Denied.

26. It is denied that the plaintiff is entitled to any compensation.

27. Defendant has insufficient information to admit or deny the averment.

28. It is admitted that the plaintiff was never an employee of the defendant or his gallery. The balance of the averment is denied.

29. Admitted.

30. Defendant has insufficient information to admit or deny the first sentence. It is admitted that the defendant posted a mission statement and photographs on the website. Insofar as anything else is alleged in the allegation it is denied.

31. Admitted.

32. Admitted.

33. Defendant believes that the infringed upon photographs were removed from the website, therefore the allegation is denied.

34. The defendant is unable to admit or deny when plaintiff became aware. However, the balance of the averment is denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT II

46. Defendant repeats answers to paragraphs 1-45.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## AFFIRMATIVE DEFENSES

51. The court lacks jurisdiction over the defendant.

52. Delaware is the improper venue for the case.

53. The complaint fails to state a cause of action.

54. At all times relevant hereto the plaintiff gave photographs to the defendant to post on his website. The photographs therefore became the property of the defendant.

CASARINO, CHRISTMAN & SHALK

  /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQUIRE
I.D. No. 174
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500

Dated: August 31, 2006        Attorney for Defendant

## CERTIFICATION OF SERVICE

I, STEPHEN P. CASARINO, ESQ., hereby certify that I have efiled at 800 North King Street, Suite 200, Wilmington, Delaware on this 31st day of August, 2006 a true and correct copy of Defendant's Answer to Complaint addressed to:

Patricia S. Rogowski, Esquire
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 N. Orange Street
Wilmington, DE 19899-2207

CASARINO, CHRISTMAN & SHALK

  /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQUIRE
I.D. No. 174
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant