**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Elizabeth Traynor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-441-SLR |
| v. ) | |
| ) | |
| Davy Liu d/b/a Davy Liu Studio Gallery, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF ELIZABETH TRAYNOR'S BRIEF**
**IN OPPOSITION TO DAVY LIU'S MOTION TO DISMISS**

Patricia Smink Rogowski (#2632)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P.O. Bo 2207
Wilmington, Delaware  19899
(302) 658-9141

October 31, 2006

OF COUNSEL

Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 2

II.   SUMMARY OF THE ARGUMENT ............................................................................. 2

III.  STATEMENT OF FACTS .......................................................................................... 3

IV.   ARGUMENT ............................................................................................................. 5

    A.  THE COURT HAS JURISDICTION BECAUSE DEFENDANT HAS
    CONDUCTED BUSINESS IN DELAWARE AND HAS HARMED A DELAWARE
    RESIDENT ................................................................................................................. 6

    B.  SUBJECTING DEFENDANT TO JURISDICTION COMPORTS WITH DUE
    PROCESS ................................................................................................................. 10

    C.  PLAINTIFF'S CHOICE OF FORUM SHOULD NOT BE DISTURBED ...................... 11

V.    CONCLUSION ......................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES**

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)...........................................6, 10, 11

*Calder v. Jones*, 465 U.S. 783 (1984).............................................................................9, 10

*CC Investors Corp. v. Raytheon Co.*, 2003 U.S. Dist. LEXIS 23938 (D.Del. 2003) .......11

*Equidyne Corp. v. John Does 1-21*, 279 F.Supp.2d 481 (D.Del. 2003) ...........................6

*In re Dell Inc.*, 71 U.S.P.Q.2d 1725 (T.T.A.B. 2004).........................................................9

*Inset Systems, Inc. v. Instruction Set, Inc.* 937 F.Supp. 161 (D. Conn. 1996)...................8

*Intel v. Broadcom*, 167 F.Supp.2d 692 (D.Del. 2002)..................................................5, 11

*Lands' End Inc. v. Manbeck*, 797 F. Supp. 511 (E.D. Va. 1992)........................................9

*Padcom, Inc. v. Netmotion Wireless, Inc.*, 2004 U.S. Dist. LEXIS 9658 (D.Del. 2004) 6, 7

*Toys "R" Us Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003).................................8, 9

**STATUTES**

10 Del. C. § 3104(c)........................................................................................................5, 7

28 U.S.C. § 1391(b) ...........................................................................................................11

28 U.S.C. § 1391(c) ...........................................................................................................11

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Elizabeth Traynor ("Traynor") filed a copyright infringement suit against Davy Liu d/b/a Davy Liu Studio Gallery ("Liu"), alleging infringement of two registered copyrights for photographs and promotional materials, Registration Nos. VA-1-290-747 and TX-6-196-050, respectively. Traynor also alleged breach of contract claims that are joined with substantial and related claims arising under the Copyright Laws. Liu's Answer was filed on August 31, 2006. Liu filed a Motion to Dismiss under Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue on October 17, 2006.

## II.    SUMMARY OF THE ARGUMENT

1.    The Court may properly exercise personal jurisdiction over Liu, and Liu's Motion to Dismiss should be denied. Liu has had more than sufficient contact with Delaware to conclude that he has purposefully availed himself to jurisdiction in Delaware. Liu already admits to "limited contact with Delaware" (D.I. No. 10, ¶ 4). In fact, (1) Liu personally traveled to Delaware to conduct business; and (2) Liu hired Delaware individuals and businesses to assist him on more than one occasion. Liu promoted his business in Delaware through express invitations to Delaware residents to attend his gallery show and through communications over the internet. Liu's website also offers artwork for sale to everyone and anyone, including Delaware residents.

2.    In committing willful copyright infringement against a Delaware resident, Liu could expect such conduct would harm a Delaware resident. He should expect to answer for such harms and related claims in Delaware.

3.    Venue is proper in this Court.  Under applicable law, Plaintiff's choice of forum should not be lightly disturbed.   In view of his admitted and other established contact with Delaware, Liu has not met the heavy burden required to dismiss for improper venue.

## III.    STATEMENT OF FACTS

As set forth in the Complaint, in 2004 Elizabeth Traynor was an artist teaching at the Delaware College of Art and Design when Davy Liu, a graphic designer and artist, contacted her to assist him with various projects for his Gallery in California.  Traynor agreed to help and Liu would frequently contact Traynor by phone and e-mail to assist him with various matters including preparing advertisements and promotional materials for use by the Gallery, and providing advice on different aspects of running the Gallery. ( D.I. No. 1 ¶¶ 9-11 )

After some months passed, Liu suggested that Traynor move to California to assist him with certain aspects of the Gallery, including preparations for a particular show.  Liu assured Traynor she would be compensated for the move, would receive a percentage of sales as compensation for her efforts, and that she would have space in the Gallery to pursue her own artistic endeavors.  To pursue this offer, Traynor visited the Gallery to assist Liu for two weeks.  Traynor returned to Delaware and continued helping Liu from Delaware, but then again returned to California to assist Liu with the show and run other aspects of the Gallery.  Traynor assisted Liu at the show and also took many photographs of the show.  After the show, Traynor returned to Delaware where she continued to provide advice and promotional materials for Liu.   In reliance on the earlier promises for compensation, Traynor left Delaware in October 2004 to move to California to assist Liu at the Gallery and pursue her career as an artist.  Subsequent to the move, the

3

relationship deteriorated and, despite the numerous projects Traynor handled for Liu, Traynor was never compensated. Traynor moved back to Delaware in December 2004. (D.I. No. 1, ¶ 23)

Not only was Traynor not compensated, but Liu appropriated her registered, copyrighted photographs of the show and other promotional materials by posting them on his website. Traynor's attorneys requested in writing that he cease using such materials and that Liu compensate Traynor consistent with the terms of their agreement. Liu has not removed the photographs, but has reposted such photographs in direct contradiction to Traynor's request and in violation of her copyrights. Despite their agreement, Liu has also refused to compensate Traynor. (D.I. No.1, ¶ 22, 28, 38, 47, 49)

In an attempt to recover (1) the expenses Liu promised to pay and (2) her damages in connection with Liu's copyright misuse and unlawful breach, Traynor filed this copyright infringement action, which joins related state claims for breach of contract in this District Court in Delaware. Liu moves to dismiss for alleged lack of jurisdiction and venue (D.I. No. 10). Liu already admits in the motion that he has had "limited contact with Delaware" (D.I. No. 10, ¶4). Notwithstanding this attempt to diminish, Liu's contacts with Delaware are significant and substantial. Liu personally traveled to Delaware to conduct business, and he repeatedly requested services from Delaware individuals and businesses. (Traynor Dec ¶¶ 4-11).

In her attached Declaration, Elizabeth Traynor details the contacts Liu has had with Delaware to her knowledge. Specifically, at Liu's behest, Traynor arranged for Liu to lecture on graphic arts at the Delaware College of Art and Design in 2002. Liu was

4

paid $500 for such lecture, and his travel expenses were reimbursed. Liu requested that

Traynor perform services for his business while Traynor was in Delaware. Liu

repeatedly contacted Traynor for over seven months in 2004, requesting her help with

various aspects of his business, including designing promotional materials and providing

advice regarding various aspects of his business. Many of the promotional materials

designed by Traynor were to be used on the Gallery's interactive website. Such requests

were made by phone and by e-mail communication. Liu also requested that Traynor

invite individuals to attend the Gallery show. Several Delaware residents received

invitations to the Gallery show. (Traynor Dec. ¶¶ 10-11)

Liu also enlisted the services of an advertising agent in Delaware, Catherine

Traynor at Traynor Kirk & Co., in Wilmington, DE, to assist in developing a name for

the Gallery. (Traynor Dec. ¶ 12)

## IV.    ARGUMENT

Delaware courts apply a two-part analysis in determining whether a defendant is

subject to personal jurisdiction. *Intel v. Broadcom*, 167 F.Supp.2d 692 (D.Del. 2002).

First, the court must examine whether the language of the Delaware long-arm statute, 10

Del. C. § 3104(c), authorizes jurisdiction. Second, if the defendant's conduct creates

personal jurisdiction under the long-arm statute, the court must consider whether

subjecting the defendant to jurisdiction would comport with the Due Process Clause of

the U.S. Constitution. *Intel*, 167 F.Supp.2d at 699.

Once a jurisdictional defense has been raised, it is the plaintiff's burden to

demonstrate that sufficient minimum contacts have occurred between the forum state and

the defendant. *Padcom, Inc. v. Netmotion Wireless, Inc.,* 2004 U.S. Dist. LEXIS 9658

(D.Del. 2004). Plaintiff may satisfy this burden by showing either specific or general

jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Specific jurisdiction

arises where the cause of action arose from the defendant's activities in the forum state.

*Id.* at 473. General jurisdiction requires that the defendant has continuous or systematic

contacts with the forum state. *Padcom,* 2004 U.S. Dist. LEXIS 9658, *7-8 (citation

omitted).

For purposes of the Motion to Dismiss, courts must accept as true all allegations

of jurisdictional fact made by plaintiff and resolve all factual disputes in plaintiff's favor.

*Equidyne Corp. v. John Does 1-21,* 279 F.Supp.2d 481 (D.Del. 2003). The facts alleged

in the Complaint indicate that Liu has conducted business with residents of the forum

state. The attached Traynor Declaration further details Liu's contacts with Delaware

including his business trip to Delaware and his repeated contacts with Delaware residents

and businesses, including the tortious acts complained of herein.

### A.    THE COURT HAS JURISDICTION BECAUSE DEFENDANT HAS CONDUCTED BUSINESS IN DELAWARE AND HAS HARMED A DELAWARE RESIDENT

The Delaware long-arm statute provides jurisdiction over a defendant who:

(1)    Transacts any business or performs any character of work or service in the State;

(2)    Contracts to supply services or things in this State;

(3)    Causes tortious injury in the State by an act or omission in this State;

6

(4)    Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5)    Has an interest in, uses or possesses real property in the State; or

(6)    Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing. 10 Del. C. § 3104(c).

The provisions of the long-arm statute have been "construed 'liberally so as to provide jurisdiction to the maximum extent possible' in order 'to provide residents a means of redress against those not subject to personal service within the state." *Padcom*, 2004 U.S. Dist. LEXIS 9658 at *2.

Under the long-arm statute, Liu could be subjected to jurisdiction at least under subsections 1 and 4 of the statute. As set forth in the attached Traynor Declaration, Liu repeatedly conducted business in this state by virtue of (1) his presence in Delaware, (2) his requests for services from Delaware residents and businesses, including the promotion of his business in Delaware by Delaware residents and businesses, and (3) the availability of the infringing materials through Liu's interactive website. In addition, Liu's copyright infringement was willful and knowingly in direct contravention to a Delaware resident's rights.

Beyond the copyright infringement, Liu should expect to be subject to jurisdiction in Delaware as a result of his breach of the agreement with Traynor, most of terms of which were performed during a period of time when Traynor resided in Delaware. Under the long-arm statute subsection (1), these contacts are clearly sufficient to show Liu

7

"[t]ransacts any business or performs any character of work" (emphasis added) in the state.

Liu's tortious acts also come within the purview of subsection (4) which clearly illustrates Liu is subject to jurisdiction in Delaware. Liu harmed a Delaware resident and his actions therefore are properly redressed in a Delaware court.

Moreover, jurisdiction can arise by operation of a website. If a website targets the site to the forum state and/or knowingly conducts business in that state, the "purposeful availment" requirement is satisfied. *Toys "R" Us Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) (vacating dismissal and reversing denial of jurisdictional discovery); *See also, Inset Systems, Inc. v. Instruction Set, Inc.* 937 F.Supp. 161 (D. Conn. 1996) (holding internet advertising and 1-800 number constitutes solicitation of sufficiently repetitive nature to satisfy Connecticut long-arm statute and constitutional concerns). In situations involving the internet, courts will also look to other conduct to determine whether a defendant "purposefully availed" itself of the privilege of engaging in activity in that state. The propriety of exercising jurisdiction over website activity is considered on a case-by-case basis, but generally passive websites require more contact with the forum and more interactive websites require less contact with the forum. *Toys "R" Us*, 318 F.3d at 453-454. In the present case, davyliu.com is not simply a "passive" site but it allows viewers to click through the slide show of infringing pictures, to browse various pieces of art, and viewers may click to items for purchasing information. (Traynor Dec. ¶ 13). The purchasing information includes prices, payment information, painting numbers (or model numbers), phone numbers and an e-mail address to call for purchase. In this

way, Liu's website is interactive and can reach every state and allow him to sell goods everywhere.[1]

In determining whether Liu "intentionally and knowingly transacted business with residents" and had significant contacts with the forum, apart from a website, the Third Circuit has considered non-internet factors such as business trips to the forum state, and telephone and fax communications directed to the forum state, among other things. See *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.2d 446 (3d Cir. 2003). In addition to Liu's interactive website which displays the infringing material, Liu visited Delaware on business and continuously communicated with residents of the state in furtherance of his business. Accordingly, Liu's internet website and his contacts with the forum support jurisdiction.

In cases involving intentional torts, the Supreme Court has utilized an "effects test" to support jurisdiction where an intentional tort is directed at a plaintiff in a forum state. See *Calder v. Jones*, 465 U.S. 783 (1984) (finding libelous statements targeted at plaintiff satisfied "minimum contacts" for purposes of jurisdiction). In *Calder*, the defendants had limited conduct with California, but the focus of the article resided in California and the effects of the libelous statements were in California. *Id.* The Court

---

[1] In the trademark context, such use with ordering information constitutes a display associated with the sale of the goods and is considered an offer to accept orders for goods and these offers come within the interstate commerce if available in multiple states. *Lands' End Inc. v. Manbeck*, 797 F. Supp. 511 (E.D. Va. 1992) (finding catalog with ordering information and phone number constitute point-of-sale material rather than mere advertising). Such displays constitute more than simply passive advertising. See *In re Dell Inc.*, 71 U.S.P.Q.2d 1725 (T.T.A.B. 2004) (holding website page that displays products and provides means for ordering is more than mere advertising). By analogy, Liu is offering sales to every state including Delaware and has thus availed himself to the privileges of transacting business in Delaware.

stated it was reasonable for defendants to anticipate being haled into court in California to answer for the truth of the statements.

Following the *Calder* analysis, Liu reasonably could expect to be haled into court in Delaware under the Delaware long arm statute. Liu has had more contact with Delaware than the defendants in *Calder* had with California, where jurisdiction was held proper. Moreover, the effects of Liu's willful infringement violated a Delaware resident's rights such that Liu could expect to answer for such acts in Delaware. His expectation that he could have to answer for his infringement in Delaware is strengthened by his other contacts with Delaware, as well as his tortious acts in breaching the contract with Traynor.

## B. SUBJECTING DEFENDANT TO JURISDICTION COMPORTS WITH DUE PROCESS

As explained by the Supreme Court, the Due Process clause ensures individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). The "fair warning" requirement is satisfied if the defendant "purposefully directed" his activities toward the forum. *Id.* A state has a "manifest interest" in providing a convenient forum for its residents to redress injuries caused by out-of-state actors. *Id.* at 473. "[W]here individuals 'purposefully derive benefit' from their interstate activities,…it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid obligations that have been voluntarily assumed." *Id.* at 473-474 (citation omitted). The "purposeful

availment" requirement ensures a defendant will not be subject to jurisdiction for "random," "fortuitous," or "attenuated" contacts. *Id*. at 475 (citation omitted).

Liu's contacts, outlined above, can in no way be described as "random," "fortuitous," or "attenuated." Liu derived benefits from his voluntary and deliberate contacts with Delaware. Moreover, Delaware has an interest in protecting Traynor from Liu's actions, and Liu should not be able to avoid liability for his acts in Delaware that were directed at a Delaware resident. For these reasons, it is apparent that subjecting Liu to jurisdiction in Delaware comports with the fairness requirements of the Due Process Clause.

### C.    PLAINTIFF'S CHOICE OF FORUM SHOULD NOT BE DISTURBED

It is well-established that Plaintiff's choice of forum is a paramount consideration and should not be lightly disturbed. *Intel,* 167 F.Supp.2d at 706; See also, *CC Investors Corp. v. Raytheon Co*., 2003 U.S. Dist. LEXIS 23938 (D.Del. 2003). In a Motion under Rule 12(b)(3), the party objecting to venue bears a heavy burden to show venue is improper. *Intel,* 167 F.Supp.2d at 706. Liu has not met that burden.

Under 28 U.S.C. § 1391(b) venue is proper in a jurisdiction where: "[1)] any defendant resides, if all defendants reside in the same state, 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ⋯, or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *Id*. "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

11

Venue is proper in the instant case because the acts constituting the violation occurred, at least in large part, in Delaware. As discussed above, Liu has conducted business in Delaware personally and by e-mail and phone, and the acts leading up to the pendant state claim for breach of contract show Liu's contacts with the state of Delaware. Delaware individuals were also invited to the show in the hopes of creating sales, and Liu also directed his willful infringement at a Delaware resident. Additionally, the infringing materials were posted on an interactive website, such website being accessible in Delaware. Accordingly, the Motion to Dismiss on venue grounds should be denied.

## V.    CONCLUSION

For the above reasons, this Court properly exercises jurisdiction over Liu and venue in this Court is proper. Liu's Motion to Dismiss should be denied.

Patricia S. Rogowski
Delaware Bar No. 2632
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

OF COUNSEL:
Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
Suite 800
1990 M Street NW
Washington, DC 20036-3425
(202) 331-7111

## CERTIFICATE OF SERVICE

I, Patricia S. Rogowski, hereby certify that on this 31st day of October, 2006,

electronically filed **PLAINTIFF ELIZABETH TRAYNOR'S BRIEF IN**

**OPPOSITION TO DAVY LIU'S MOTION TO DISMISS** with the Clerk of Court

using CM/ECF which will send notification of such filing(s) to the following:

Stephen P. Casarino, Esq.
Casarino Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE  19899

Patricia S. Rogowski
Delaware Bar No. 2632
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141

13