UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH TRAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 06-441-SLR |
| v. | ) | |
| | ) | |
| DAVY LIU d/b/a DAVY LIU STUDIO GALLERY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ELIZABETH TRAYNOR'S BRIEF
IN OPPOSITION TO DAVY LIU'S MOTION FOR A PROTECTIVE ORDER**

Patricia Smink Rogowski (#2632)
Geoffrey A. Zelley (#4939)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P.O. Bo 2207
Wilmington, Delaware 19899
(302) 658-9141

April 19, 2007

OF COUNSEL

Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
1990 M. Street N.W., Suite 800
Washington, DC 20036-3425
(202) 331-7111

Michael L. Lovitz
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue, Suite 3150
Los Angeles, CA 90071-1560
(213) 787-2500

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS .......................................................... 2

II.   SUMMARY OF THE ARGUMENT ............................................................................... 2

III.  STATEMENT OF FACTS .............................................................................................. 3

IV.   ARGUMENT ................................................................................................................... 7

   A.  DEFENDANT HAS FAILED TO SHOW GOOD CAUSE AS TO WHY A
   PROTECTIVE ORDER IS NECESSARY IN THIS CASE ...................................................... 7

   B.  A VIDEO CONFERENCE IS NOT A FEASIBLE ALTERNATIVE TO A
   FACE-TO-FACE DEPOSITION ............................................................................................... 9

   C.  DEFENDANT HAS FAILED TO COMPLY WITH THE REQUIREMENTS OF
   DISTRICT COURT LOCAL RULE 7.1.1 AND THE SCHEDULING ORDER .................... 10

V.    CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

## CASES

*Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991). ............................ 7

*Celestine Ford v. Temple Hosp.*, 790 F.2d 342, 346 (3d Cir. 1986).................................. 8

*Duksan Scientific Co. v. Spectrum Process Equip., Inc.*,
    2007 U.S. Dist. LEXIS 25241 (E.D. Pa. 2007). .......................................................... 10

*Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) ............................................. 8

*Glenmede Trust Co. v. Thompson*
    56 F.3d 476, 483 (3d Cir. 1995) .................................................................................. 7

*Isaac v. Shell Oil Co.*
    83 F.R.D. 428, 431 (E.D. Mi. 1979) ........................................................................... 7

*McGinley v. Barratta*
    2006 U.S. Dist. LEXIS 56109 ................................................................................... 10

*Shapiro v. Delta Boats, Inc.*, 1990 U.S. Dist. LEXIS 1506, *2 (E.D. Pa. 1990)............... 8

*Townsends of Ark., Inc. v. Millers Mut. Ins. Co.*
    1991 U.S. Dist. LEXIS 1423, *13 (D. Del. 1991). ....................................................... 7

## STATUTES

17 U.S.C. § 505 (2007) ...................................................................................................... 8

## RULES

Delaware Local Rule 7.1.1.......................................................................................... 3, 11

Fed.R.Civ.P. 26(c) ...................................................................................................... 3, 12

## I.     NATURE AND STAGE OF THE PROCEEDINGS

In her complaint, Plaintiff Elizabeth Traynor ("Traynor") alleges that Davy Liu d/b/a Davy Liu Studio Gallery ("Liu" or "Defendant") infringes two registered copyrights for photographs and promotional materials, Registration Nos. VA-1-290-747 and TX-6-196-050, respectively (D.I. 1). Traynor also alleges breach of contract claims that are joined with substantial and related claims arising under the Copyright Laws. Liu's Answer was filed on August 31, 2006 (D.I. 7). On April 5, 2007, after months negotiating for a date for Liu to be deposed, Liu filed a Motion for a Protective Order under Rule 26(c) seeking to require either that Plaintiff be required to take a video conference deposition of Davy Liu, while Mr. Liu stays in California but the questioning and defending attorneys remain in Delaware, or, in the alternative seeking to force Plaintiff to pay the costs for Defendant's counsel's travel to California (D.I. 38).

## II.     SUMMARY OF THE ARGUMENT

1.     For many months, Traynor's attorneys have taken every step to schedule Mr. Liu's deposition on a date and at a location convenient to him. Defendant's counsel has stonewalled at every turn. Plaintiff's counsel would have preferred to conduct Mr. Liu's deposition at Connolly Bove's office in Los Angeles that is just 49 miles from Laguna Beach, where Mr. Liu resides. But Plaintiff's counsel deferred to Mr. Liu's request and found a deposition location even closer to his residence. Plaintiff also sought to schedule the depositions of Mr. Liu and his wife on the same day and at the same location for efficiency and less disruption. Still, with all due consideration given to Mr. Liu, these two depositions have yet to proceed. Now, Plaintiff must respond to the current motion for protective order that further delays the Liu depositions.

2

2.      Beyond delay, by the current motion, Defendant's counsel now seeks to prejudice Plaintiff in the manner in which the deposition of Defendant may proceed. Defendant's counsel has already deposed Ms. Traynor in a face to face deposition in Delaware. Yet, Defendant seeks to require Plaintiff's counsel to take Mr. Liu's deposition remotely by video conference. And the only reason asserted is that Defendant's counsel does not want the inconvenience or expense of traveling to California, where his client is located. In order to effectively explore all matters involved in this case, discuss all documents produced, and ascertain witness demeanor, a face-to-face deposition is necessary. Plaintiff seeks to depose Mr. Liu in person in the state where he resides, and at a location that will be convenient to Mr. Liu. Defense counsel's preference against traveling should not foreclose Plaintiff from full and fair discovery of Mr. Liu.

3.      The Defendant has not shown good cause for the proposed protective order, as required by Fed.R.Civ.P. 26(c). As such, the motion should be denied.

4.      Delaware Local Rule 7.1.1 requires that a party filing a non-dispositive motion also file with such motion a "statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion." No "meet and confer" was attempted and no local rule statement was filed with Liu's current motion. Therefore, the motion should be denied.

## III.   STATEMENT OF FACTS

As set forth in the Complaint, in 2004 Elizabeth Traynor, an artist, was teaching at the Delaware College of Art and Design when Davy Liu, a graphic designer and artist, contacted her to assist him with various projects for his Gallery in California. Traynor

3

agreed to help, and Liu would frequently contact Traynor by phone and e-mail to assist

him with various matters including preparing advertisements and promotional materials

for use by the Gallery, and providing advice on different aspects of running the Gallery.

(D.I. 1, ¶¶ 9-11 )

After some months passed, Liu suggested that Traynor move to California to

assist him with certain aspects of the Gallery, including preparing for a particular Gallery

show. Liu assured Traynor she would be compensated for the move, would receive a

percentage of sales as compensation for her efforts, and that she would have space in the

Gallery to pursue her own artistic endeavors. To pursue this offer, Traynor visited the

Gallery to assist Liu for two weeks. Traynor returned to Delaware and continued helping

Liu from Delaware, but then again returned to California to assist Liu with the show and

run other aspects of the Gallery. Traynor assisted Liu at the show and also took many

photographs of the show. After the show, Traynor returned to Delaware where she

continued to provide advice and promotional materials for Liu. In reliance on the earlier

promises for compensation, Traynor left Delaware in October 2004 to move to California

to assist Liu at the Gallery and pursue her career as an artist. Subsequent to the move, the

relationship deteriorated and, despite the numerous projects Traynor handled for Liu,

Traynor was never compensated. Traynor moved back to Delaware in December 2004.

(D.I. 1, ¶ 23)

Not only was Traynor not compensated, but Liu appropriated her registered,

copyrighted photographs of the show and other promotional materials by posting them on

his website. Traynor's attorneys requested in writing that Liu cease using such materials

and that Liu compensate Traynor consistent with the terms of their agreement. Liu has

4

not removed the photographs, but reposted such photographs flouting Traynor's request and willfully violating her copyrights. Despite their agreement, Liu has also refused to compensate Traynor. (D.I. 1, ¶ 22, 28, 38, 47, 49)

In an attempt to recover (1) the expenses Liu promised to pay and (2) her damages in connection with Liu's copyright misuse and unlawful breach, Traynor filed this copyright infringement action, which joins related state claims for breach of contract in this District Court in Delaware. On November 2, 2006, Defendant filed his Initial Disclosures, in which he disclosed that he may be covered by an insurance policy for some of the present claims. (D.I. 15, ¶ 1D).

Beginning in early December of 2006, counsel discussed dates to schedule depositions of Plaintiff and Defendant. See, Declaration of Jennifer Fraser ("Fraser Declaration", at ¶ 3). While Plaintiff promptly made herself available for her deposition on a date requested by Defendant's counsel, Defendant's counsel never provided a firm date on which Mr. Liu's deposition could be taken. See, Declaration of Geoffrey Andrew Zelley ("Zelley Declaration", at ¶ 9). For mutual convenience of Defendant and Plaintiff's counsel, Plaintiff offered to take Mr. Liu's deposition in California, at the Los Angeles office of Plaintiff's counsel's firm. Fraser Declaration, at ¶ 3. When Defendant requested a location even closer to his Laguna Beach Gallery and residence, Plaintiff made arrangements to take the deposition at a law firm in Irvine, California. *Id.* at ¶ 10.

Early conversations with Defendant's counsel indicated that he was not sure if he wanted to make the trip to California to assist his client. *Id.* at ¶ 4. Connolly Bove attorneys representing Ms. Traynor never stated or suggested that they would conduct the

5

deposition of Mr. Liu other than in person and in the same location in which the witness was located. *Id.* at ¶ 12. Michael Lovitz, a partner in the firm's Copyright group, will depose Mr. Liu. Mr. Lovitz works in the firm's Los Angeles Office, and has been actively representing Traynor in this matter since the initial correspondence between the parties on the pending claims. Zelley Declaration, at ¶ 8.

On March 2, 2007, the date that had been agreed, Ms. Traynor was deposed in Wilmington, Delaware. When Ms. Traynor's deposition was concluded, counsel then discussed when Mr. Liu's deposition would be scheduled. Plaintiff's counsel, Mr. Zelley, reminded Defendant's counsel, Mr. Casarino, that Defendant still had not provided a date when Mr. Liu would appear for his deposition. Mr. Zelley also told Mr. Casarino that one of Connolly Bove's attorneys in Los Angeles would take the Liu deposition. *Id.* at ¶ 2. No date was proffered for the Liu deposition at that time.

After more failed attempts to obtain an agreed date for Mr. Liu's deposition, Mr. Zelley wrote Mr. Casarino and proposed April 4, 2007. *Id.* at ¶ 4. When Defendant's counsel failed to reply as requested, Plaintiff's counsel then served a Notice of Deposition for Mr. Liu and a subpoena for Mr. Liu's wife for April 4, 2007 (D.I. No. 37). Despite prior notice of the proposed April 4, 2007 date, it was not until *after* the Notice and subpoena were served that Mr. Casarino asked for a reprieve of the April 4, 2007 date in view of his scheduled vacation. Zelley Declaration at ¶ 6. Plaintiff agreed to postpone the deposition date for Mr. Casarino's counsel, provided that a date would be set for Defendant's deposition in the future. *Id.* To date, Plaintiff has not been provided with such a date. *Id.* at ¶ 9.

6

On April 5, 2007, Defendant filed the present motion for a protective order. Discovery in the case is scheduled to close on August 3, 2007 (D.I. 24).

## IV.     ARGUMENT

### A.     DEFENDANT HAS FAILED TO SHOW GOOD CAUSE AS TO WHY A PROTECTIVE ORDER IS NECESSARY IN THIS CASE

"A party seeking a protective order over discovery materials must demonstrate that 'good cause' exists for the protection of that material." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). The burden of showing good cause rests on the moving party. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991). Good cause requires a clearly defined and serious injury. *Townsends of Ark., Inc. v. Millers Mut. Ins. Co.*, 1991 U.S. Dist. LEXIS 1423, *13 (D. Del. 1991). Good cause is not established solely by showing inconvenience and expense. *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D. Mi. 1979).

It is the general rule that the deposition of the Defendant in a case will take place in a location convenient to that Defendant. *Shapiro v. Delta Boats, Inc.*, 1990 U.S. Dist. LEXIS 1506, *2 (E.D. Pa. 1990). A party seeking discovery usually must go where the witnesses are. *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). Plaintiff has followed this rule and seeks to depose Mr. Liu and his wife in California, close to where they both work and reside.

The only "injury" alleged by the motion is the cost of travel for Mr. Casarino to travel to California. This is not good cause to warrant relief. As a general rule, litigants in the United States bear their own litigation expenses and attorneys fees. *Celestine Ford*

7

*v. Temple Hosp.*, 790 F.2d 342, 346 (3d Cir. 1986).   In copyright cases, the statute authorizes the Court to award the attorneys fees and expenses to the prevailing party.  17 U.S.C. § 505 (2007).

Defendant is not injured where Plaintiff seeks to take his deposition in a location near where he lives and works.  Moreover, Defendant does not demonstrate that a video deposition would be a less costly alternative to having Mr. Casarino travel to California. There will be costs associated with setting up and manning a video conference for a scheduled all day deposition.  These costs exceed or rival the cost for one person to travel to California.[1]

It would further appear that the cost for one person to travel between Delaware and California is not the real reason the motion for protective order was filed.  Mr. Casarino told Plaintiff's counsel that he believed the insurance company might pay for Mr. Liu to travel to Delaware.  Zelley Declaration ¶ 6.  If Defendant is prepared to pay for at least one person to travel to Delaware from California, why is Defendant not prepared to pay for at least one person to travel to California from Delaware?  It would not be more efficient or less disruptive if Mr. Liu is deposed in Delaware, but Defendant forces Plaintiff to depose Mrs. Liu pursuant to the subpoena in California.  This would involve at least two different deposition days and likely travel by Plaintiff's counsel. Plaintiff seeks to schedule these two depositions on the same date at a location convenient to the witnesses – near their home and workplace.  Thus, Mr. Liu and his wife

---

[1] The estimated cost for manning a video conference with a technical specialist is $125 per hour per site (based on a Delaware estimate) exclusive of equipment costs.  For an all day deposition, this cost would not differ dramatically from the cost of flying a single person to California and back to Delaware.  A round trip ticket to Los Angeles is now available for $ 200 (via Orbitz.com).

would have less disruption and less expense if one person (Mr. Casarino) traveled to California. And, Plaintiff will be represented at these depositions by an attorney with copyright expertise who has been involved in the matter since efforts were made to resolve this dispute before the Complaint was filed.

While not required to do so, Plaintiff's counsel is open to arranging for a video conference deposition so that Mr. Casarino may stay in Delaware while his client is deposed in California. Where Defendant's counsel insists on this arrangement, the costs for it should be borne by Defendant. Where an undue burden is alleged and the moving party demands video conferencing, that moving party pays the costs for video conferencing. *Duksan Scientific Co. v. Spectrum Process Equip., Inc.*, 2007 U.S. Dist. LEXIS 25241 (E.D. Pa. 2007). Nevertheless, Plaintiff will make these arrangements for the Liu depositions.

## B.    A VIDEO CONFERENCE IS NOT A FEASIBLE ALTERNATIVE TO A FACE-TO-FACE DEPOSITION

This deposition will be the first chance for Plaintiff to fully assess the credibility of the Defendant, by closely monitoring Defendant's demeanor during questioning. As the deposition will address Defendant's conduct, most of the testimony will be of a "controversial" nature, and thus Plaintiff's counsel would like to address Defendant personally (unless Defendant is prepared to stipulate to the truth of matters asserted by Plaintiff by pleading and deposition). Where the deposition involves the taking of "controversial testimony," the use of telephone or video means is *not* preferred. *McGinley v. Barratta*, 2006 U.S. Dist. LEXIS 56109 (E.D.Pa. 2006).

9

Mr. Liu's deposition is expected to take all day, and involve the review and discussion of all documents produced by Defendant. This will require a line-by-line analysis of certain forms that have been produced to Plaintiff (e.g. tax returns and summaries). The most efficient and productive way to examine the witness on these documents is via a face-to-face deposition in which Plaintiff's counsel can verify that the proper line is being analyzed. Additionally, the deposition will require an analysis of several photographs, which are at issue in this matter. The use of video conferencing is not a viable alternative for this type of testimony, and clearly a video conference deposition where Plaintiff's counsel is not face-to-face with the witness would prejudice Plaintiff. As stated earlier, Plaintiff has no objection if Defendant's counsel wishes to defend the deposition by video conference.

There is no reason to require that Plaintiff be hampered by artificial conditions unilaterally imposed by Defendant to prevent Plaintiff's counsel from taking a face-to-face deposition of Mr. Liu. Plaintiff's counsel by choice and by necessity will be in the deposition room with the witness. Defense counsel may elect to be there in person or to participate by video conference. Defendant cannot force Plaintiff's counsel to take a video conference deposition from a location remote from the witness. The attorney who will be conducting the deposition for Plaintiff is a copyright attorney in our Los Angeles office, who has been involved in this case since its inception.

## C.     DEFENDANT HAS FAILED TO COMPLY WITH THE REQUIREMENTS OF DISTRICT COURT LOCAL RULE 7.1.1 AND THE SCHEDULING ORDER

Delaware Local Rule 7.1.1 was expressly referenced in the Scheduling Order for this case: "Any non-dispositive motion shall contain the statement required by D. Del.

10

LR 7.1.1." D.I. No. 24, ¶6.   Additionally, Fed.R.Civ.P. 26(c) requires that a party moving for a protective order certify that he has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Defendant did not file a Local Rule 7.1.1. statement, and Defendant's counsel never conferred with Plaintiff's counsel in an attempt to resolve the dispute.

While Defendant's counsel mentioned in passing the possibility that he might file a motion for a protective order, at no point did he identify what relief he would seek or whether the parties might agree to any of the proposed solutions requested in the motion. He never requested that Plaintiff pay for counsel's travel to California, and he never requested that Plaintiff agree to perform the deposition via video conference.  As stated above, Plaintiff will set up a video conference to accommodate Defense counsel, but not with the condition that Plaintiff's attorney must be in Delaware when the witness is in California.

## V.    CONCLUSION

For the above reasons, Defendant's motion for a protective order should be denied.  Further, Defendant's delay tactics cannot continue.  Mr. Liu should be required to appear for deposition on a date certain within ten (10) days of this Court's disposition of this motion.

April 19, 2007

Patricia Smink Rogowski
Delaware Bar No. 2632
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141

OF COUNSEL:
Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
Suite 800
1990 M Street NW
Washington, DC 20036-3425
(202) 331-7111

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH TRAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.  06-441-SLR |
| v. | ) | |
| | ) | |
| DAVY LIU d/b/a DAVY LIU STUDIO | ) | |
| GALLERY, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF JENNIFER FRASER

I, JENNIFER FRASER, state and declare as follows:

1.      I am an attorney admitted to practice in the State of Maryland, and am an associate in the law firm of Connolly Bove Lodge & Hutz LLP, counsel to Elizabeth Traynor ("Traynor").  I am admitted before the United States District Court for the District of Delaware pro hac vice for this matter.

2.      On December 5, 2006, Patricia Smink Rogowski of Connolly Bove Lodge & Hutz was contacted by Defendant's counsel's assistant, Ms. Shalk, via e-mail to schedule a date for the deposition of Traynor (Exhibit A).

3.      Because Ms. Rogowski was in court that week, I contacted Ms. Shalk and left a voicemail confirming Ms. Traynor's availability on March 2, 2007, and also requesting a date for Mr. Liu's deposition in California to take place in March, 2007.

4.      On December 12, 2006, I received a voice mail from Ms. Shalk, who indicated that Defendant's counsel could not attend in California.  I responded to Ms. Shalk and

suggested that Defendant's counsel could attend via video conference or teleconference. Ms. Shalk did not provide any dates for Mr. Liu's deposition.

5.    On January 2, via telephone conference, Ms. Shalk indicated to me that she would check with Defendant's counsel about conducting the deposition via teleconference and also indicating that Defendant's counsel did not have video conference capabilities. I still did not receive any information regarding dates when Mr. Liu would be available.

6.    On January 25, 2007, I left a voicemail with Ms. Shalk regarding possible dates for Mr. Liu's deposition. In response, I received an e-mail stating that Ms. Shalk did not know if a conclusion had been reached (Exhibit B).

7.    On February 6, 2007, I again contacted Ms. Shalk and she indicated she would get back to us regarding Mr. Liu's availability for a deposition.

8.    On February 7, 2007, Ms. Shalk sent me an e-mail stating a video conference would be fine (Exhibit C). She inquired as to the location of our Los Angeles office and Ms. Patricia Rogowski's availability, although we never indicated who would be conducting the deposition. Still no possible deposition dates were provided for Liu. I responded to Ms. Shalk, and proposed March 8, 2007 as a date for Liu's deposition. I also indicated that our Los Angeles office was close to Laguna Beach, Mr. Liu's residence (The Los Angeles office is about 50 miles from Laguna Beach, via Mapquest). No response was received as to the requested date.

9.    On February 19, 2007, Ms. Shalk sent me an e-mail stating that no date had been obtained for Liu's deposition (Exhibit D).

10.     On February 20, 2007, Defendant's counsel contacted this firm stating that Mr. Liu did not wish to travel to Connolly Bove's Los Angeles office, and requested that we choose a location closer to Laguna Beach, Mr. Liu's residence (Exhibit E). In order to accommodate Mr. Liu, I made arrangements to use facilities at another firm in Irvine, California, which is closer to Laguna Beach. The distance from Laguna Beach to the Irvine location is about 12.5 miles according to MapQuest, whereas the distance from Laguna Beach to this firm's Los Angeles office is about 50 miles.

11.     Defendant's counsel never suggested to us the proposed solutions set forth in the protective order motion. Counsel indicated only that he would consider whether he would file a motion for a protective order.

12.     At no time did anyone from Connolly Bove state or indicate to Mr. Casarino or his staff that we would attend the deposition of Mr. Liu via teleconference or video conference. Initially, we expected to conduct the deposition at our Los Angeles office, and we agreed to move to the Irvine location to accommodate Mr. Liu. Because Mr. Casarino initially indicated that he did not want to go to California, we advised him that our L.A. office had video conference (and telephone conference) capabilities if he preferred to attend that way.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4/18/07

Jennifer Fraser

# EXHIBIT
# A

## Patricia S. Rogowski

**From:** Patricia S. Rogowski
**Sent:** Tuesday, December 05, 2006 7:54 AM
**To:** 'Angela Shalk'
**Subject:** RE: Traynor v. Liu

Dear Ms. Shalk:

Thank you for your e-mail.  I will confer with my colleagues here and be back to you shortly.  It may take a few days to do so since I'm in trial with Judge Sleet this week.

Patricia Smink Rogowski
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 N. Orange Street
Wilmington, DE  19899-2207

(302) 888-6201 (direct)
(302) 658-9141 (firm)
(302) 658-5614 (fax)
progowski@cblh.com

-----Original Message-----
From: Angela Shalk [mailto:AShalk@casarino.com]
Sent: Monday, December 04, 2006 11:12 AM
To: Patricia S. Rogowski
Subject: Traynor v. Liu

Good morning Ms. Rogowski.  Mr. Casarino would like to take the deposition of Ms. Taynor.  Would you please let me know your availability for the following dates:  3/1 a.m., 3/2 anytime, 3/16 p.m., 3/22 anytime and 3/23 anytime.

Thank you.

Angela Shalk
Legal Assistant to
Stephen P. Casarino

1

# EXHIBIT
# B

**Jennifer Fraser**

**From:**      Angela Shalk [AShalk@casarino.com]
**Sent:**       Friday, January 26, 2007 11:18 AM
**To:**          Jennifer Fraser
**Subject:**   Traynor v. Liu


Hi Ms. Fraser.  I got your voice mail message yesterday regarding the
scheduling of Mr. Liu's deposition.  I know Steve spoke with Mr. Liu
yesterday about it but I don't know what the outcome was.  Steve is
actually on vacation and will be back on February 1.  I will let you
know as soon as I get a chance to speak to Steve.

Angela Shalk

# EXHIBIT
# C

**Jennifer Fraser**

| | |
|---|---|
| From: | Angela Shalk [AShalk@casarino.com] |
| Sent: | Wednesday, February 07, 2007 1:18 PM |
| To: | Jennifer Fraser |
| Subject: | Traynor v. Liu |

Hi Jennifer.  I spoke with Steve and he said that a video teleconference would be fine for the Mr. Liu's deposition.  Please let me know where in California the office is located.  Mr. Liu lives in Laguna Beach.  If you want to email me some dates that Ms. Rogowski is available I can check Steve's calendar.  Thanks.

Angela Shalk

# EXHIBIT
# D

**Jennifer Fraser**

| | |
|---|---|
| **From:** | Angela Shalk [AShalk@casarino.com] |
| **Sent:** | Monday, February 19, 2007 2:31 PM |
| **To:** | Jennifer Fraser |
| **Subject:** | RE: Traynor v. Liu |

Hi Jennifer.  I have not heard back from our client regarding his
deposition.  I will let you know as soon as possible.  Thanks.

-----Original Message-----
From: Jennifer Fraser [mailto:JFraser@cblh.com]
Sent: Wednesday, February 07, 2007 3:15 PM
To: Angela Shalk
Subject: RE: Traynor v. Liu

Dear Angela,

Our California office is in Los Angeles which is relatively close to
Laguna Beach.

As mentioned back in December, we would like to have the deposition in
early March and have yet to hear back regarding available dates for your
client.  We propose March 8 as the date for the deposition.  Please
confirm this date is acceptable or propose other dates around that time.

We look forward to hearing from you.

Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
Suite 800
1990 M Street NW
Washington, DC 20036-3425
TEL (202) 572-0335
FAX (202) 293-6229
jfraser@cblh.com

# EXHIBIT
# E

**Jennifer Fraser**

| | |
|---|---|
| **From:** | Angela Shalk [AShalk@casarino.com] |
| **Sent:** | Tuesday, February 20, 2007 3:10 PM |
| **To:** | Jennifer Fraser |
| **Subject:** | Traynor v. Liu |

Hi Ms. Fraser.  Steve spoke with our client yesterday about his deposition.  He does not want to travel to Los Angeles but would be willing to have the depo taken in his office or another place in the area where he is located.  Would you please get back to me on this.

Angela

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELIZABETH TRAYNOR,                          )
                                            )
                    Plaintiff,              )        CIVIL ACTION NO.  06-441-SLR
          v.                                )
                                            )
DAVY LIU d/b/a DAVY LIU STUDIO              )
GALLERY,                                    )
                                            )
                    Defendant.              )

## DECLARATION OF GEOFFREY ANDREW ZELLEY

I, GEOFFREY ANDREW ZELLEY, declare and state as follows:

1.      I am an attorney admitted to practice in the State of Delaware and the State of
New Jersey, and am an associate in the law firm of Connolly Bove Lodge & Hutz LLP, counsel
to Elizabeth Traynor ("Traynor").  I am admitted to practice before the United States District
Court for the District of Delaware.

2.      On March 2, 2007, I represented Ms. Traynor in her deposition at Defendant's
counsel's office in Wilmington, Delaware.  Upon completion of the deposition, I requested a
deposition date for Davy Liu.  I reminded Mr. Casarino that we had arranged for a location that
is closer to Mr. Liu than our Los Angeles office, and told him that Michael Lovitz, a partner in
our Los Angeles office, would be performing the deposition in person.  Defendant's counsel
indicated that he wanted to be at his client's side for the deposition, and would look into taking a
trip to California for the deposition.

3.      On March 8, 2007, I contacted Defendant's counsel via letter once again
requesting a date for a deposition of Mr. Liu at the Irvine, California location (Exhibit A).  In

that letter, I advised that we had been trying to arrange a date since December, 2006 and, if a date is not provided, we will choose a date and issue a deposition notice.

4.    On March 16, 2007, I once again contacted Defendant's counsel via letter to obtain a deposition date (Exhibit B).  I indicated that because Defendant's counsel had not provided a deposition date despite our repeated attempts, I attached a proposed Deposition Notice for Liu and a proposed subpoena for Joan Huaag Liu for depositions to be taken on April 4, 2007 in Irvine, California.  I further indicated that if we did not hear from Defendant's counsel regarding alternate dates by March 20, we would serve the Notice and Subpoena.  I sent these proposed documents in an attempt to verify that the date would work for Defendant, and to attempt to bring to an end three months' worth of delay on the part of Defendant's counsel on obtaining a date of deposition for the Defendant.

5.    On March 21, 2007, without receiving any response from Defendant or Defendant's counsel regarding the proposed April 4, 2007 deposition date, I served the Notice of Deposition for Liu and the subpoena for Joan Huaag Liu, for depositions to be taken April 4, 2007 in Irvine, California.

6.    After Defendant's counsel received the deposition notice on March 21, 2007, Mr. Casarino telephoned me and stated that he would be on vacation during the week of April 2, and in particular on the date that the deposition was scheduled.  He indicated that Liu's insurance carrier would be willing to pay for Liu to travel to Delaware if we would prefer to perform the deposition there.  Because we wished to depose both Liu and his wife (Joan Huaag Liu) on the same day and to have one of our copyright attorneys in California conduct the deposition, we advised Mr. Casarino that we wanted to proceed with the deposition in California as it had been

2

noticed (Exhibit C). We agreed, however, to postpone the deposition for counsel's vacation, provided he could provide us with a date on which to take Liu's deposition.

7.    On April 5, 2007, Defendant filed a motion for a protective order, further delaying Liu's deposition and prejudicing Traynor in her discovery efforts and attempts to resolve this matter.

8.    Michael L. Lovitz, the attorney who will take Mr. and Mrs. Liu's depositions, specializes in copyright law, among other areas, and has been involved in this action since its inception, as evidenced by the attached letter, sent January 31, 2005 (Exhibit D). Mr. Lovitz is a member of the Pennsylvania bar, not California, as shown in the January 31, 2005 letter. His application for admission to the California Bar is pending.

9.    To date, Defendant has failed to provide a firm date for his deposition

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4/19/07          _____
                        Geoffrey A. Zelley

# EXHIBIT
# A



# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

Geoffrey A. Zelley
Associate
TEL (302) 658-9141
FAX (302) 658 5614
EMAIL gzelley@cblh.com
REPLY TO Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

March 8, 2007

**By Hand Delivery**

Stephen P. Casarino, Esq.
Casarino Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE  19899

Re:   Elizabeth Traynor v. Davy Liu
      Case No. 06-441-SLR
      Our File:  4586-2

Dear Mr. Casarino:

On February 5, 2007, we sent a letter requesting supplementation of Davy Liu's responses to Elizabeth Traynor's Requests for Production.  To date, we have not received the requested supplementation.  As we have previously stated, Defendant's continued delay in producing documents hinders Plaintiff's preparation for upcoming depositions.  In light of the obvious deficiencies of Defendant's responses to Plaintiff's Requests for Production, we request that supplementation be supplied as soon as possible, with enough time for sufficient review of produced documentation prior to Mr. Liu's deposition.  We have been more than patient to this point, and our request is not unreasonable in light of Defendant's continued delay in production.  Plaintiff does not wish to burden the Court with a discovery motion, even where responses are so clearly deficient, but is prepared to take whatever action is necessary to ensure that Plaintiff is not unduly prejudiced.

Additionally, beginning in early December 2006, we have repeatedly approached you about setting a date for Mr. Liu's deposition, and to date have received no response.  We have agreed to depose Mr. Liu in Irvine, CA, a location that is convenient for him.  Further delay is unacceptable, and we request a date to depose Mr. Liu as soon as possible.  Should no date be furnished, we are prepared to file a notice of deposition with a date convenient to us.

Very truly yours,

Geoffrey A. Zelley

GAZ:JF

WILMINGTON, DE          WASHINGTON, DC          LOS ANGELES, CA

# EXHIBIT
# B

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

Geoffrey A. Zelley
Associate
TEL (302) 658-9141
FAX (302) 658 5614
EMAIL gzelley@cblh.com
REPLY TO Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

March 16, 2007

**By Hand Delivery**

Stephen P. Casarino, Esq.
Casarino Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE  19899

      Re:    Elizabeth Traynor v. Davy Liu
             Case No. 06-441-SLR
             Our File:  4586-2

Dear Mr. Casarino:

    We have tried for months to work with you and your staff to schedule a date for Mr. Liu's deposition.  In light of Defendant's continued, inexcusable delay in furnishing us with a suitable date, we have no choice but to select a reasonable date and issue a deposition notice.  I've attached a proposed deposition notice, with a date convenient to us, as well as a proposed subpoena of Joan Huaag Liu.  To this point, we have been exceedingly patient with Defendant's continued delays, but further delay cannot be tolerated.  Therefore, should no alternate acceptable date be furnished to me by close of business on Tuesday, March 20, 2007, we will serve and file this deposition notice and subpoena and will proceed with these depositions on April 4, 2007.

                    Very truly yours,

                    Geoffrey A. Zelley

GAZ:JF/bms

WILMINGTON, DE           WASHINGTON, DC           LOS ANGELES, CA

Patricia S. Rogowski (#2632)
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302)658-9141

Of Counsel:
Jennifer Fraser
Connolly Bove Lodge & Hutz, LLP
1990 M Street, N.W., Suite 800
Washington, DC 20036
(202)331-7111

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Elizabeth Traynor, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  06-441-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| Davy Liu d/b/a Davy Liu Studio Gallery, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S NOTICE TO TAKE
## THE DEPOSITION OF DAVY LIU

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure,

counsel for Plaintiff in the above-referenced action will take the deposition upon oral

examination of Davy Liu. The deposition will take place at the law offices of Knobbe Martens

Olson & Bear LLP, 2040 Main Street, Irvine, CA 92614 (14th Floor) on April 4, 2007, from 9:30

a.m. until 4:00 p.m.  This examination will be made before an officer authorized to administer an

oath, will be recorded by stenographic means and may also be recorded using audio-visual

equipment.

#527225

Respectfully submitted,

**CONNOLLY, BOVE, LODGE & HUTZ, LLP**

By: _____

Patricia S. Rogowski (#2632)
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302)658-9141

Of Counsel:
Jennifer Fraser
Connolly Bove Lodge & Hutz, LLP
1990 M Street, N.W., Suite 800
Washington, DC 20036
(202)331-7111
*Attorneys for Plaintiff, Elizabeth Traynor*

**DATED:** _____

#527225

Issued by the

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ELIZABETH TRAYNOR,
    *Plaintiff*

    v.

DAVY LIU D/B/A DAVY LIU STUDIO
GALLERY,
    *Defendant*

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:**  06-441-SLR
U.S. DISTRICT COURT FOR THE DISTRICT
OF DELAWARE

TO:   Ms. Joan Huaag Liu
      c/o Davy Liu Studio Gallery
      3275K Laguna Canyon Road
      Laguna Beach, CA 92651

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| AND TIME | |

[ **X** ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Knobbe Martens Olson & Bear, LLP<br>2040 Main Street<br>14th Floor<br>Irvine, CA 92614 | April 4, 2007 at 4:30 P.M. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     DATE

*Attorney for Plaintiff Elizabeth Traynor.*

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

Patricia Smink Rogowski, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street, Wilmington, DE 19899
P.O. Box 2207
(302) 658-9141

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of American that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorneys fee.

(2)(A)  A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts

business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(B)  If a subpoena

(i)  requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified condtions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)(A)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in he demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C)  A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## SCHEDULE A

## DEFINITIONS

The following definitions and instructions are applicable herein:

A.     "Liu", "Davy Liu Studio Gallery", or "Davy Liu" includes Davy Liu and Davy Liu Studio Gallery, and all past and present officers, employees, directors, agents, accountants, investigators, and/or other representatives or persons authorized on Liu and/or Davy Liu Studio Gallery's behalf.

B.     "Person" as used herein refers to both natural persons and to corporate or other business entities, whether or not in your employ, and the acts of a person are defined to include the acts of directors, officers, employees, agents, representatives or attorneys acting on the person's behalf.

C.     "Document" is used in a broad sense and includes, without limitation, the following items, whether printed, or recorded, or filmed, or reproduced by another mechanical or electronic process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground, and whether an original, master, copy of translation thereof, namely: agreements; communications, including intra and inter company communications; correspondence, cablegrams, radiograms and telegrams; notes and memoranda; summaries or minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications and diaries; laboratory and engineering reports and notebooks, specifications or bills of materials; charts; plans, sketches, diagrams and drawings; blueprints and other engineering drawings; promotional proposals; photographs, reports and/or summaries of investigations; opinions and reports of consultants; sales records, including purchase orders and invoices; reports and summaries of negotiations; brochures; pamphlets, catalogs and catalog sheets, advertisements; circulars, press, publicity, drafts or original or preliminary notes on, and marginal annotations appearing on any document; other reports and records; computer disks, tapes or cards; electronic mail ("e-mail"); and any other information-containing paper or other medium. The term "document" or "documents" also includes all copies whether or not identical to the original.

D.     "Thing" as used herein shall mean and refer to any tangible object other than a Document, and includes objects of every kind and nature such as, but not limited to, prototypes, models and specimens.

E.     "Communication" shall mean and refer to any oral or written communication or contact between two or more persons, including, without limitation, written contact by such means as letter, memorandum, telegram, telex or any other document, and oral contact, heard or overheard, by such means as a face-to-face meeting, radio conversation, telephone conversation, and every other mode of transferring thoughts or ideas between persons.

F.     "Relating to" shall mean, in whole or in part, referring to, evidencing, constituting, concerning, containing, mentioning, embodying, discussing, reflecting, dealing with, analyzing or otherwise pertaining to the subject matter of the request.

G.     Words in the singular include the plural, words in the plural include the singular.

H.    Words in the past tense include the present tense, words in the present tense include the past tense.

I.    "And" and "or" are both conjunctive and disjunctive.

J.    The words "art" or "art work" shall mean any form of artistic expression in tangible form, capable of being sold.  They include, but are not limited to, paintings, photographs, audio recordings, video recordings, and sculpture.

## SUBJECT MATTER OF EXAMINATION

1.    The structure and operation of Davy Liu Studio Gallery, including organization of displays, hosting of art shows, organization of staff and/or employees, from the date of creation of Davy Liu Studio Gallery to the present.

2.    Davy Liu and Davy Liu Studio Gallery's gross and net sales for art work sold by and through Davy Liu Studio Gallery, and operating expenses and fees of same, from the date of creation of Davy Liu Studio Gallery to the present, and the profitability of same including but not limited to receipts, purchase orders, invoices, forecasts, budgets, tax forms and underlying data, and statements.

3.    All assets, businesses, other sources of income and other property owned by Davy Liu, Davy Liu Studio Gallery and/or any other officers of Davy Liu Studio Gallery by or on Liu or Davy Liu Studio Gallery's behalf.

4.    Shows hosted at Davy Liu Studio Gallery to show and/or sell artwork, their times, their sales, staff and/or employees and/or artists and/or friends who assisted in the organization and production of the show.

# EXHIBIT
# C

**Breanne M. Staley**

| | |
|---|---|
| **rom:** | Stephen Casarino [SCasarino@casarino.com] |
| **Sent:** | Wednesday, March 28, 2007 3:05 PM |
| **To:** | Geoffrey A. Zelley |
| **Subject:** | RE: Davy Liu and Joan Liu Deposition Date, Traynor v. Liu, our reference 4586*2 |

i told jennifer that i could make myself on the dates she suggested.
however i still feel that i should be with my client during his deposition. i intend to file a motion for a protective order.

-----Original Message-----
From: Geoffrey A. Zelley [mailto:GZelley@cblh.com]
Sent: Wednesday, March 28, 2007 2:10 PM
To: Stephen Casarino
Cc: Angela Shalk; Jennifer Fraser
Subject: Davy Liu and Joan Liu Deposition Date, Traynor v. Liu, our reference 4586*2

Mr. Casarino,

I am writing to confirm that due to your vacation, we have agreed to postpone the depositions of Davy Liu and Joan Huaag Liu, originally scheduled for April 4 in Irvine, CA. As you discussed with Ms. Fraser, we understand that your client will be available for deposition at some point between April 19 and April 29, and we will discuss a new date for both depositions upon your return April 10th. We have been trying to obtain a deposition date for Mr. Liu since December, and do not want to further delay past April 29. We also request that you inform us if you will be able to inform Joan Liu of the postponement. If not, please let us know, and we will let her know of the postponement.

Geoffrey A. Zelley

Connolly Bove Lodge & Hutz LLP
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899
(302)658-9141
(302)252-4238 (direct dial)
(302)658-5614 (fax)
gzelley@cblh.com

This e-mail message, including any attached documents, is intended only for use by the addressee(s) named herein and may contain information which is privileged and/or confidential and may be an attorney-client communication and work product of counsel. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or use of the contents of this e-mail is strictly prohibited and may be a violation of law. Please notify the sender by reply e-mail or telephone (302-658-9141) to advise the sender of the error in transmission and permanently delete the message and any accompanying attachments from your system and any printout thereof.

To ensure compliance with IRS requirements, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT
# D

# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

Michael L. Lovitz
Partner
Bar Affiliation: Pennsylvania
TEL (302) 888-6231
FAX (302) 658 5614
EMAIL mlovitz@cblh.com
REPLY TO Wilmington Office

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEE www.cblh.com

January 31, 2005

## VIA FEDERAL EXPRESS

Mr. Davy Liu
Davy Liu Studio Gallery
3275-K Laguna Canyon Road
Laguna Beach, CA 92651

>       Re:    Copyright Infringement of Elizabeth Traynor
>              Works of Authorship
>              Our File:  4586-2

Dear Mr. Liu:

This firm represents Elizabeth Traynor with respect to certain copyright and unfair competition matters.

As you know, Ms. Traynor is a skilled artist and the creator of numerous works of art, works of authorship, and other creative works. Ms. Traynor has been a full time teacher of art, and until recently headed the Illustration department at the Delaware College of Art and Design. Ms. Traynor has been diligent in protecting her rights in her works of authorship, and routinely obtains copyright registrations for such works.

In addition to her knowledge and talent as an artist, Ms. Traynor has considerable background in the "business of art", having an understanding of the business issues involved in running art galleries and studios.

It is our understanding that from June, 2004 through October, 2004 you requested that Ms. Traynor prepare a number of works of authorship (collectively, the "Works") for use in connection with your business, namely the Davy Liu Studio Gallery, located in Laguna Beach, California (the "Gallery"). These works included photographs used for the Gallery's web site, written content for the Gallery's web site, written content for the Gallery's brochure and other promotional materials, and design work for the Gallery's brochure and the postcard promoting the August 21, 2004 opening of the Gallery's summer exhibit. We understand that these Works have been and continued to be used by you and/or the Gallery.

We further understand that Ms. Traynor was an independent contractor at the time these works were created, and despite promises of payment in exchange for her work at the



CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Mr. Davy Liu
January 31, 2005
Page 2

Gallery, including the creation of the Works, such payment has never been made by you or the
Gallery. As a result, Ms. Traynor was, and remains, the sole author of the Works as of their
creation, and is thus the owner of all right, title and interest in and to the copyright in such
Works. Ms. Traynor has filed the necessary documentation with the U.S. Copyright Office to
register her copyright in the Works.

   Our client is aware that the Gallery is using and continues to use the Works in
connection with its business, despite having no rights in such works. Please be advised that
Section 106 of the U.S. Copyright Laws grants the owner of copyright the exclusive right in a
work to, inter alia, create copies of the work and distribute the copyrighted work to the public by
sale. Therefore, the activities of the Gallery, its employees, agents and owners resulting in the
reproduction, distribution, and/or display of copies of our client's copyrighted Works, constitute
infringement of our client's copyrights in the Works, in violation of federal law, and may result
in criminal and/or civil penalties. Under the circumstances above, you and/or the Gallery may be
liable for damages in an amount equal to all of the Gallery's profits and Ms. Traynor's losses
with respect to the reproduction, distribution and display of the infringing copies of the Works,
or in the alternative for statutory damages in a sum of not less than $750 or more than $30,000
for each work infringed, which per-infringement damage amount may be increased to $150,000
where such infringement is willful. The Copyright would also allow for the recovery by Ms.
Traynor of all costs of any civil action she may undertake, which costs may include her
reasonable attorney's fees as prevailing party. In addition, all infringing materials, including all
copies of the brochures, would be subject to impoundment and destruction. Further, you should
be aware that you may be subject to criminal punishments under Sections 2319 of Title 18 of the
United States Code.

   Our client has indicated that she is willing to resolve this matter amicably under
the proper circumstance. Specifically, Ms. Traynor is willing to provide the Gallery with a
license in the Works sufficient to cover all past use and to allow the Gallery to continue to use
such Works in the future, in exchange for payment of $25,000. This payment would also result
in a release for all past infringements of the Works by the Gallery, its employees, agents and
owners. This proposed resolution would allow the Gallery to continue to use its web site without
revision to its content, as well as its current brochures, avoiding the need for their impoundment
and destruction, and the costs of designing and printing a new, non-infringing brochure.

   We request that you confirm to this office in writing that these terms are
acceptable by signing and returning the attached copy of this letter to this office within ten (10)
days of the date of this letter. Payment in the amount of $5000.00 should accompany the signed



**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Mr. Davy Liu
January 31, 2005
Page 3

copy of the letter, with the balance to be paid to this firm not later than sixty (60) days from the date of this letter.

Any offer of compromise contained herein is without prejudice to any claim for copyright infringement or other demand for relief that may be asserted on behalf of Ms. Traynor should this matter not be resolved promptly to her full satisfaction.

Very truly yours,

CONNOLLY BOVE LODGE & HUTZ, LLP

MICHAEL L. LOVITZ

MLL/kp
Enclosure
cc: Elizabeth Traynor

AGREED TO AND ACCEPTED:

DAVY LIU STUDIO GALLERY

By:_____
    Davy Liu

Dated: _____

## CERTIFICATE OF SERVICE

I, Patricia S. Rogowski, hereby certify that on this *19* day of April, 2007,

electronically filed **PLAINTIFF ELIZABETH TRAYNOR'S BRIEF IN**

**OPPOSITION TO DAVY LIU'S MOTION FOR A PROTECTIVE ORDER** with

the Clerk of Court using CM/ECF which will send notification of such filing(s) to the

following:

Stephen P. Casarino, Esq.
Casarino Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE  19899

Patricia S. Rogowski
Delaware Bar No. 2632
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141