UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

ELIZABETH TRAYNOR,    :
           :  C.A. No. 06-441
    Plaintiff,   :
           :
v.          :  TRIAL BY JURY
           :  REQUESTED
DAVY LIU d/b/a DAVY LIU STUDIO :
GALLERY,       :
           :
    Defendant.  :

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

# STATEMENT OF FACTS[1]

This case involves small-scale allegations of copyright infringement and breach of contract. Defendant, Davy Liu, owns a small independent art gallery in Laguna Beach, California. Defendant opened this art gallery in 2004. Plaintiff, Elizabeth Traynor, is self-employed as an artist. (Plntf. Dep. at 4). Defendant and plaintiff met at a party in New York City in June of 2002 and became friends. (Plntf. Dep. at 18).

The subject of plaintiff's copyright claim essentially consists of a brochure for defendant's gallery as well as various photographs taken of an art show party held at the gallery on August 21, 2004. (Plntf. Dep. at 45). As for the photographs, Plaintiff asserts that they were all taken with her camera but admits that she did not personally take all of these photographs. (Plntf. Dep. at 71-75). With respect to the brochure, Plaintiff admitted that defendant designed the brochure. (Plntf. Dep. at 55-56). Plaintiff asserts that she made suggested revisions to the brochure and that defendant used some of her suggestions. (Plntf. Dep. at 67-68).

Plaintiff registered for and obtained a copyright for both the brochure and the photographs on or about November 18, 2004, approximately three weeks after leaving Laguna Beach due to personal disagreements brewing between the parties. (Plntf. Dep. 109-111). Plaintiff now alleges that defendant used these items without first gaining plaintiff's permission. (Complaint attached as "Exhibit A").

---

[1] Defendant filed his Motion for a Protective Order in a traditional motion format with numbered paragraphs. Plaintiff's response, in a brief format, includes a lengthy statement of the purported facts. Defendant disagrees with plaintiff's statement of the facts as provided in her response brief. Given this disagreement, defendant provides a detailed statement of the facts in this reply brief using plaintiff's testimony from her March 2, 2007 deposition. Defendant's version of the facts has yet to be made part of the record.

The subject of the breach of contract claim is more convoluted. According to Plaintiff, she and defendant became friends in 2002. In July of 2004, defendant and plaintiff began talking generally about plaintiff moving to California to join him at his studio. Plaintiff visited the studio in August of 2004 and took pictures during a party for a show at the gallery (the same pictures underlying part of plaintiff's copyright claim). Plaintiff allegedly moved to California in early October only to leave later that month due to growing personal friction between plaintiff and defendant. Essentially, plaintiff asserts that between August and October of 2004, she assisted defendant with various tasks associated with the gallery but did not receive adequate compensation.

Plaintiff filed this action for copyright infringement and breach of contract in Delaware on July 20, 2006. Although this action was filed in Delaware, the events relating to these claims occurred in California. The gallery is in California and much of the events that give rise to plaintiff's breach of contract claim occurred in California. In fact, Plaintiff made the decision to join defendant's studio while she was on a two-week trip to see defendant in California. (Plntf. Dep. at 36). In addition, Plaintiff admitted at her deposition that the photographs at issue were taken at an art show party on August 21, 2004 in California. (Plntf. Dep at 71). Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue on October 16, 2006. The court has yet to rule upon this motion.

Counsel for both parties have openly and continually discussed viable methods, locations and general time frames for conducting defendant's deposition. Defendant's counsel and defendant's counsel's assistant have been in continual contact with various attorneys that compose plaintiff's litigation team at Connoly, Bove, Lodge & Hutz. Copies of email or letter correspondence between defendant's counsel and various members of plaintiff's litigation team

regarding the scheduling of defendant's deposition are attached as "Exhibit B".

Given the number of attorneys working on plaintiff's behalf, some of these attorneys may not have communicated with each other so as to know that defendant's counsel has actively discussed scheduling with various attorneys at that office.   This may have led to their incorrect view, as demonstrated in their response brief, on defendant's counsel's willingness to schedule defendant's deposition.  For example, in a March 8, 2007 letter from Geoffrey Zelley (one of plaintiff's four attorneys), Mr. Zelley writes that "we have repeatedly approached you about setting a date for [defendant's] deposition, and to date have received no response." This letter is attached as "Exhibit C". This statement is untrue. In fact, defendant's counsel's assistant corresponded with Jennifer Fraser (also one of plaintiff's four attorneys) on January 26, 2007, February 7, 2007, February 19, 2007, and February 20, 2007 regarding the scheduling of defendant's deposition.  In addition, defendant's counsel wrote again to Patricia Smink Rogowski (also one of plaintiff's four attorneys) about the location of defendant's video conference deposition.

Counsel for both parties originally agreed to hold defendant's deposition via video conference so that plaintiff's Delaware counsel could conduct the deposition from Delaware while defendant was in California.   Although the email correspondence between the parties may be somewhat confusing to the Court, it is clear from the February 7, 2007 email from defendant's counsel's assistant to Jennifer Fraser that defendant's counsel was operating under the impression that the video conference would be conducted by Patricia Smink Rogowski via video conference from Delaware.  Plaintiff did not alert defendant that plaintiff intended for one of their California attorneys to take defendant's deposition until much later.  Jennifer Fraser admits in declaration # 8 which states that defendant's assistant "inquired as to the location of our Los

Angeles office and Ms. Patricia Rogowski's availability, although we never indicated who would be conducting the deposition."

Plaintiff's litigation team decided against the video conference format for defendant's deposition. On March 21, 2007, plaintiff's counsel noticed defendant's deposition to take place in California on April 4, 2007, knowing that such a short time frame would certainly make it very difficult for defendant's counsel to make reservations and prepare to travel across the country.

## ARGUMENT

Defendant seeks a protective order with respect to the terms that plaintiff is imposing on defendant's deposition.  First, Defendant has "good cause" to warrant relief.   Second, defendant has sought to compromise with plaintiff and, to that end, has offered a number of alternative deposition terms so as to alleviate some of the burden on defendant.  Plaintiff unreasonably refuses to accept any of these proposed alternatives.

## A.     DEFENDANT HAS "GOOD CAUSE" FOR A PROTECTIVE ORDER

Upon a showing of good cause, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...".  Fed. R. Civ. P. 26©).  "The decision whether to enter a protective order is within the Court's discretion." *Auto Club Family Insurance v. Provosty*, 2006 WL 2568054 (E.D.La.) citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). "The time and place for the taking of the deposition must also be reasonable."  7 Moore's Federal Practice, § 30.20[1] (Matthew Bender 3d ed.).  "The Court is permitted to exercise broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses." *Turner v. Prudential Ins. Co. Of America* 119 F.R.D. 492, 495 (M.D.N.C. 1988).  The factors that a court should consider in determining the location of a deposition and the conditions that should be imposed, include: a) "the parties convenience and relative hardships to attend the designated location", b) "whether the parties' counsel are located in the forum district" and c) "whether the parties' claims and parties' relationship are such that appropriate adjustment of the

equities favors a deposition site in the forum district". *Id.* at 393.

Plaintiff, as the instigator of the litigation who has her choice of forum, typically is the party who should "bear any reasonable burdens of inconvenience that the action represents." *Fed. Deposit Ins. Co. v. La Antillana*, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990). Moreover, "[t]here is a principal that a plaintiff having selected a particular forum for the adjudication of [her] case should be prepared to answer a notice of deposition in that locality." *Ellis Air Lines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395, 396 (D.Del. 1955).

There is good cause for the Court to grant the protective order. Stated simply, it is unreasonable for defendant to pay for his Delaware attorney to travel to California, particularly in light of the fact that the vast majority of the events underlying this litigation occurred in California and the action should have been filed in California. Had the action been filed in California, defendant would have obtained a California attorney who could have easily (and with significantly less expense) joined defendant at his California deposition. Given plaintiff's choice of forum in Delaware rather than in California, plaintiff should have to shoulder the burden of defendant's deposition expenses.

Although plaintiff's counsel purports to be innocently acting in defendant's best interest by holding the deposition in California, that is simply not the case. Plaintiff's counsel are members of a relatively large firm that has an office in Los Angeles, California. Plaintiff seeks to have an attorney from their Los Angeles office depose defendant in California. Liu's counsel's sole office is in Wilmington, Delaware. Therefore, by holding the deposition in California, plaintiff is requiring defendant to shoulder the burden and expense of having his Delaware counsel travel to California. Plaintiff, on the other hand, would not encounter any financial hardship or prejudice by holding defendant's deposition in California because one of her

California attorneys "who has been involved in this case since its inception" would be conducting defendant's deposition. This runs counter to the case law that directs plaintiff, rather than defendant, to take on "reasonable burdens" of cost or inconvenience that the litigation presents. *Fed. Deposit Ins. Co. v. La Antillana*, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990).

Should defendant's counsel go to California for defendant's deposition (which, according to plaintiff, will likely take the entire day) the financial cost for defendant would be very high. Defendant's counsel would have to fly in from Delaware and stay overnight. The next morning, defense counsel would have to attend an all day deposition and then take a return flight to Delaware the next morning. In her response brief, plaintiff too easily dismisses the cost of defense counsel's travel by stating that an airfare ticket to California on Orbitz.com can be purchased for $200 round trip. Whether or not plaintiff's quote from Orbitz.com is even accurate, defendant's counsel would also incur costs for two nights accommodations and a three day car rental. Finally, defendant's counsel's fees for attending to this case for three days would be very high. Therefore, the expenses associated with defendant's counsel's travel to California constitute "good cause" for this protective order.

**B.**      **THERE EXISTS FEASIBLE ALTERNATIVES TO PLAINTIFF'S REQUIREMENTS IMPOSED ON DEFENDANT'S DEPOSITION**

Defendant, in his Motion for a Protective Order, proposed three alternatives that would alleviate some of the burden that plaintiff wishes to impose on defendant in taking his deposition. These alternatives would be to a) require plaintiff to conduct the deposition of defendant via video conference wherein defendant could remain in California and the deposing attorney and defendant's attorney would remain in Delaware, b) have plaintiff pay defendant's reasonable

expenses associated with defendant's counsel traveling to California for the deposition, or c) have defendant travel to Delaware for the deposition. Neither alternative is acceptable to plaintiff. Essentially, plaintiff's position is that defendant should either take on the travel expenses for his Delaware attorney to attend his California deposition or simply be deposed without his counsel by his side. Such requirements are unreasonable given the geographic divide between defendant's residence in California and plaintiff's choice of forum in Delaware.

A video conference is a viable alternative because it permits plaintiffs to view the defendant and evaluate his body language along with his audio answers. Unlike a telephone conference, plaintiff's counsel will be able to see defendant and interact with him using counsel's audio and visual senses. Therefore, there is no measurable distinction (other than the ability to touch defendant) between a face-to-face deposition and one conducted via video conference. Plaintiff's counsel will still be able to direct defendant to various exhibits (or particular lines in exhibits for that matter) with the audio and visual capacities of the video conference.

Video conference technology is increasingly utilized in litigation, particularly when parties are located so far from their hired counsel and the forum state. Moreover, a technologically savy firm such as Connoly, Bove, Lodge & Hutz should be capable and willing to conduct a video conference.

The second alternative proposed by defendant's counsel is to have defendant travel to Delaware for the deposition. Defendant's counsel proposed this alternative in a telephone call to Geoffrey Zelley on or about March 21, 2007. Defendant proposed this alternative because it would be less costly to defendant because the attorney's fees would be lessened under this scenario. In addition, it would provide plaintiff's counsel what they purport to want: a face-to-face deposition. Nevertheless, Mr. Zelley rejected this alternative. Defendant is unclear why

plaintiff would reject this proposal and can only conclude that plaintiff seeks simply to financially inconvenience defendant.

As a third alternative, defendant's counsel is willing to travel to California for the deposition at plaintiff's expense.  As discussed earlier, plaintiff *chose* to institute litigation in Delaware rather than in California.  Filing the action in Delaware required defendant to obtain a Delaware attorney.  Plaintiff should not be permitted to impose a further burden on defendant to pay for his Delaware attorney to travel to California. Moreover, courts have commonly required plaintiffs to shoulder "reasonable burdens of inconvenience  that the litigation presents."  *Fed. Deposit Ins. Co. v. La Antillana*, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990). Accordingly, plaintiff should be responsible for defendant's counsel's travel expenses since they insist of having a member of their California office depose defendant.

## CONCLUSION

For the reasons discussed above, defendant urges the Court to grant defendant's Motion

for a Protective Order and require plaintiff to incur the costs of deposing defendant, whether it be

via video conference with both attorneys remaining in Delaware and defendant remaining in

California, or that defendant be deposed in Delaware, or that plaintiff shall pay defendant's

counsel's costs incurred to attend the deposition in California.

Respectfully submitted,

STEPHEN P. CASARINO, ESQ.
Del. Bar ID No. 174
SARAH C. BRANNAN, ESQ.
Del. Bar ID No. 4685
CASARINO, CHRISTMAN & SHALK, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorneys for Defendant

**EXHIBIT A**

08/08/06  TUE 07:24 FAX 9099423425        STATE-FARM                                    ☒003
08/07/2006  15:02 FAX                                                                ☒003

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Elizabeth Traynor, | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No.    0 6 - 4 4 1 |
| v. | ) | |
| | ) | **COMPLAINT** |
| Davy Liu d/b/a Davy Liu Studio Gallery, | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### COMPLAINT

This is an action for copyright infingement and violation of Common Law prohibitions against breach of contract.

Plaintiff, Elizabeth Traynor ("Traynor"), hereby petitions this Court to preliminary and permanently enjoin Defendant, Davy Liu ("Liu"), from copying of Plaintiff's photographic and textual works, and reproducing, distributing, publishing and/or displaying such works. In support of her Complaint, Plaintiff avers as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Elizabeth Traynor ("Traynor") is an individual residing at 2109 Silverside Road, Wilmington, Delaware. 19810.

2.      Upon information and belief, Defendant, Davy Liu, ("Liu") is a resident of California, who does business under the name Davy Liu Studio Gallery ("Gallery"), located at 3275-K Laguna Canyon Road, Laguna Beach, California, 92651.

3.      This Court's jurisdiction over matters arising under the copyright laws is proper under 28 U.S.C. § 1338(a). Furthermore, this Court has original jurisdiction to hear

08/08/06  TUE 07:24 FAX 9099423425        STATE-FARM                                          ☑004
08/07/2006 15:03 FAX                                                                          ☑004

breach of contract claims that are joined with substantial and related claims under the copyright laws, pursuant to 28 U.S.C. § 1338(b), and supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

4.    Traynor is a resident of Delaware, and Liu sought out Traynor's services in Delaware, and made representations to Traynor while she was still a resident of Delaware that caused her to resign her position as Illustration Department head and full-time teacher with the Delaware College of Art to partner with Liu, and to perform services on behalf of the partnership in Delaware as well as in California. Further, Liu's infringing activities occurred in Delaware and elsewhere. Accordingly, on information and belief, Liu is subject to the personal jurisdiction of this Court.

5.    An actual controversy between the parties exists in this jurisdiction under 28 U.S.C. § 2201.

6.    Venue in this District is proper pursuant to 28 U.S.C. § 1391 *inter alia*, because some of the acts complained of occurred in this District including that Plaintiff was targeted in this District and performed services for Defendant in this District, and Plaintiff Traynor resides here.

## COUNT 1 –
## COPYRIGHT INFRINGEMENT, 17 U.S.C. §501 ET SEQ.

7.    Traynor repeats and realleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

8.    Traynor is a skilled artist and the creator of numerous works of authorship, including works of art, photographs, written works, and other creative works. Traynor had

08/08/06  TUE 07:24 FAX 9099423425    STATE-FARM    ✎005
08/07/2006 15:03 FAX    ✎005

been a full time teacher of art for many years, and, until July 2004, headed the Illustration Department at the Delaware College of Art and Design. In addition to her knowledge and talent as an artist, Traynor has considerable background in the "business of art", having an understanding of the business issues involved in running studios and art galleries.

9.    In May 2004, Traynor and Liu began discussing Traynor's management of the Davy Liu Studio Gallery which opened in 2004. Liu continued pursuing a partnership with Traynor and, in June 2004, suggested Traynor visit the Gallery in July 2004 to explore that opportunity. Traynor agreed to visit the Gallery in July.

10.    Prior to visiting the Gallery in July, Liu requested Traynor's assistance in editing a promotional piece for the Gallery. Because English is not Liu's first language, Traynor found it necessary to re-write the text of the promotional piece.

11.    Traynor traveled to California on July 15, returning to Delaware on July 30. While in California, Traynor spent eighty-seven (87) hours working in the Gallery, providing assistance in various areas including organizing the studio, organizing the administration areas of the studio, teaching Liu about business aspects of running the Gallery, and editing, proofreading, designing and writing promotional materials for the Gallery and for the August 21 show. Traynor paid her own airfare and car rental costs, and received no payment for the many hours she worked at the Gallery.

12.    During the July 2004 visit, Liu offered Traynor a partnership in the Gallery, and suggested that she be given the title of director of the Gallery, with the expectation she would take over complete control of the Gallery business within a year. The parties agreed Traynor would move from Delaware to California in early October 2004. Liu stated Traynor

would be provided with business cards reflecting her position as "Gallery Director" following her relocation to California.

13.     As compensation for her efforts, Liu agreed that Traynor would receive 10% of the price of the paintings sold at the Gallery, beginning with the August 21, 2004 show. In addition, Traynor would be given studio space in the Gallery studio in order to allow her to continue her own artistic endeavors. Liu also agreed to provide Traynor with $1,000 as an advance to cover her moving expenses from Delaware to California.

14.     On July 22, 2004, Traynor accepted Liu's offer of partnership, and based on his promises and representations, resigned her position with the Delaware College of Art and Design in order to prepare for her move to California in the fall of 2004 to become Director of the Gallery.

15.     Because of her role as Liu's partner and the Director of the Gallery, the parties agreed it was important for Traynor to help prepare for and attend the August 21, 2004 Gallery show. Liu bought a plane ticket for Traynor for this purpose, although Traynor paid for her own car rental and other expenses while in California.

16.     Traynor still lived in Delaware prior to the August 21, 2004 show. Leading up to the August 21, 2004 show, Liu called upon Traynor to provide assistance in creating and editing promotional materials for the Gallery, and in particular for the August Gallery show. For example, at Liu's behest, working from Delaware, Traynor created a press release for the August 2004 "Pros Unveiled" Gallery show. A copy of the press release, bearing Traynor's copyright notice, was forwarded to Liu upon its completion.

08/08/06  TUE 07:25 FAX 9099423425          STATE-FARM                          ☒007
08/07/2006 15:03 FAX

17.    On August 18, 2004, Traynor returned to California to undertake the duties of the Director of the Gallery and prepare the Gallery for its inaugural event on August 21. Traynor exerted considerable efforts in preparation for the event, spending more than 40 hours on various tasks ranging from supervising employees to preparing and hanging paintings to cleaning, shopping for supplies, and preparing food and beverages for the event.

18.    In the days leading up to the August 21 Gallery show, and during the event itself, Traynor was introduced by Liu as the new Gallery director to everyone coming to the Gallery, including the participating artists.

19.    Subsequent to the August 21 Gallery show, Traynor returned to Delaware to prepare for her move to California. While still in Delaware, Traynor devoted significant creative energies and time to designing and editing promotional materials for the Gallery, including creating new text for such materials. Among the works authored by Traynor while in Delaware were: copy for a full color brochure promoting the Gallery; biographies of the artists in the Gallery; and a mission statement for the Gallery ("Statement").

20.    During the August 21, 2004 Gallery show, Traynor took 71 photographs of the Gallery and of the people attending the show ("Photographs"). The Photographs were subsequently downloaded to Liu's computer, and copies were uploaded to and displayed on the Davy Liu Studio Gallery's website, located at www.davyliu.com ("Website"). The Statement was similarly posted on the Website.

21.    Traynor moved to California on October 3, 2004, and began working at the Gallery on October 5, 2004. Traynor worked full time at the Gallery for nearly three weeks,

08/08/06  TUE 07:25 FAX 9099423425          STATE-FARM                                    ☑008
09/07/2006 15:04 FAX                                                                       ☑008

spending more than 40 hours each week doing Gallery business, with additional hours each week spent in unpacking, setting up and working at her personal illustration business.

22.     On October 25, 2004, Traynor ceased working for Liu due to irreconcilable differences with Liu and began to move her studio equipment out of the Gallery studio space. On November 3, 2004, Traynor requested full payment of the compensation due her, including the promised funds to cover her moving expenses. In response to her request, Liu informed Traynor that he would not be paying her "one cent".

23.     Traynor returned to Delaware on December 15, 2004, where she continues to reside.

24.     On November 19, 2004, Traynor filed applications for registration of the copyrights in the Photographs and in the Statement and other promotional materials (collectively hereinafter the "Works") with the U.S. Copyright Office. The Photographs, depicting the Gallery opening and reception, were granted Registration No. VA-1-290-747. The collection of promotional materials, including the Statement, was granted Registration No. TX-6-196-050. Copies of these registrations are attached as Exhibit "A". Copies of the Works are attached as Exhibit "B".

25.     On information and belief, the August 21, 2004 show generated approximately $6,000 in sales that day. Additional sales, of an amount believed to be approximately $6,000, were made subsequent to August 21 and prior to October 25, 2004.

26.     Traynor was never paid for her work at the Gallery, and never received the commission of ten percent (10%) of sales, or the promised $1,000 advance.

08/08/06  TUE 07:25  FAX 9099423425    STATE-FARM    ☑009

27.    Traynor is currently and at all relevant times has been the author and sole proprietor of all right, title, and interest in and to the copyrights in the Works. Traynor has produced, distributed and protected the Works in strict conformity with the provisions of the Copyright Act of 1976, and all other laws governing copyrights.

28.    Despite offering to compensate Traynor for her services as Director of the Gallery, Liu never paid Traynor. Traynor was never an employee of Liu or the Gallery. At all times Traynor has been an independent contractor for Liu.

29.    There is no agreement, written or oral, between Traynor and Liu governing Liu's use of the Works on the Website or in the Gallery.

30.    In December 2005, Plaintiff learned that Defendant Liu was using and displaying at least eleven (11) of the Photographs, along with the Statement, on the Website. The mission statement posted on the Website was identical in content to the Statement created by Traynor. The photographs posted on the Website are identical electronic copies of the Photographs.

31.    On January 31, 2005, Plaintiff's attorney sent a letter to Liu advising him of Plaintiff's copyrights in the Photographs and Statement, and Liu's infringement of the same, as well as the penalties that could be faced by Liu as a result of his infringing activities.

32.    Following conversations with Plaintiff's attorney, Defendant's attorney responded by letter dated February 8, 2005 advising that the photographs had been removed from the Website.

08/08/06  TUE 07:26 FAX 9099423425          STATE-FARM                        ☒010
08/07/2006 15:04 FAX
                                                                                  ☒010

33.     Although it appeared that the infringing photographs had been removed from the Website at that time, the Statement remained on the Website and continued to be prominently displayed therein. Further, on information and belief, Liu continued to reproduce and distribute written materials, including the Gallery's color brochure, containing an exact copy of the Statement.

34.     Traynor recently became aware that Defendant had again posted at least seventeen (17) of the Photographs on the Website, and as of the date of this Complaint, twenty-one (21) Photographs are on display on the Website.

35.     As of the date of this Complaint, Defendant continues to engage in the unauthorized reproduction, display, distribution and transmission of the Works, both within this District and without.

36.     Liu's reproduction of the Works, display of the Works on the Website, and the distribution and transmission of the Works through the internet is without Traynor's permission, and constitutes infringement of Traynor's rights in such Works.

37.     By the actions alleged above, Defendant has infringed and will continue to infringe Plaintiff's copyrights in and relating to the Works by reproducing, distributing and displaying works which comprise or which contain direct copies of one or more of Plaintiff's copyrighted Works.

38.     To date, Traynor has never received payment for her work at the Gallery or any licensing fee for the right to use, display or reproduce or create derivative works from any of her Works, despite making repeated requests of Liu for the same.

08/08/06  TUE 07:26 FAX 9099423425          STATE-FARM                                   ☑011
08/07/2006 16:05 FAX                                                                      ☑011

39.     Defendant has reproduced, distributed and displayed copies of the Works without authorization from Plaintiff, and continues to do so.

40.     On information and belief, Defendant has profited from the unauthorized use, display and reproduction of the copyrighted Works.

41.     Defendant's unauthorized and continued use, display and reproduction of the Works constitutes copyright infringement under 17 U.S.C. § 501.

42.     Defendant's deliberate and unauthorized used of the copyrighted Works continues despite actual notice of Plaintiff's rights in the same, and therefore constitutes a willful violation of Plaintiff's rights under 17 U.S.C. § 106.

43.     Plaintiff has been and continues to be damaged by Defendant's unauthorized use of the copyrighted Works.

44.     Plaintiff is entitled to recover from Defendant the damages, including costs and reasonable attorneys' fees, Plaintiff has sustained and will sustain, and any gains, profits and advantages obtained by Defendant's acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

45.     Plaintiff is entitled to an injunction restraining Defendant, Defendant's agents and employees, and all persons acting in concert with him, from engaging in any further such acts in violation of the Copyright Laws.

## COUNT II
## COMMON LAW BREACH OF CONTRACT

46.    Traynor repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

47.    Plaintiff accepted Defendant's offer of partnership, and accompanying terms of compensation, and performed services for Defendant. Plaintiff acted to her detriment based on Defendant's promises, resigning her employment in Delaware, and moving to California to continue providing services to Defendant, based on Defendant's representations that she would be compensated with a share of profits, which representations proved false.

48.    Plaintiff accepted Defendant's offer, and acted on such offer, at great personal and professional expense to Plaintiff, with financial expenditures in excess of $14,000. Additionally, Plaintiff expended great efforts, valuable time, and resources, and creative energies to assist Defendant in opening and promoting his Gallery, including but not limited to the development of original works of authorship. Defendant was and is aware that Plaintiff expected compensation for her efforts and energies.

49.    Defendant has not compensated Plaintiff and Defendant continues to benefit from services rendered by Plaintiff on Defendant's behalf. Defendant has been unjustly enriched at Plaintiff's expense.

50.    The aforesaid conduct of Defendant has caused and, if not enjoined, will continue to cause irreparable damage to Plaintiff's rights. Traynor's damages from the aforesaid unlawful actions of Defendant are not yet determined.

WHEREFORE, Plaintiff seeks the following relief:

(a)     an order declaring that Defendant has infringed and is infringing Plaintiff's copyrights and is liable therefore pursuant 17 U.S.C. § 501;

(b)     an order that Defendant has breached a contract with Plaintiff, in violation of Plaintiff's rights under the common law;

(c)     an order that Defendant has willfully violated Plaintiff's rights;

(d)     preliminary and permanent injunctive relief enjoining Defendant, his successors, assigns, transferees, and all persons acting or claiming to act on their behalf from reproducing, distributing, displaying, advertising, creating derivative works from, using or selling unauthorized copies of, the Works;

(e)     an order requiring destruction of all paper and electronic copies in Defendant's possession which use or incorporate the copyrighted Works in violation of Plaintiff's rights;

(f)     a money judgment awarding Plaintiff damages for Defendant's willful violation of Plaintiff's statutory and common law rights, including Plaintiff's actual damages, any profits attributable to infringements of Plaintiff's copyrights, and statutory damages of not more than one hundred and fifty thousand dollars ($150,000.00) for each instance of copyright infringement.

(g)     a judgment awarding Plaintiff attorneys' fees and all costs and disbursements incurred in this action (17 U.S.C. § 505);

08/08/06  TUE 07:27 FAX 9099423425          STATE-FARM                            ☑014
08/07/2006 15:05 FAX                                                       ☑014

(h)    a judgment to compensate and reimburse Plaintiff for the agreed-upon

percentage of sales and expenses; and

(i)    such other relief as the Court deems appropriate.

Respectfully submitted,

Patricia S. Rogowski
Delaware Bar No. 2632
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

OF COUNSEL:
Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
Suite 800
1990 M Street NW
Washington, DC 20036-3425
(202) 331-7111

CBLH 0458035.1

**EXHIBIT B**

| Filters Used:<br>**1 Tagged Record** | **Email Report**<br>Form Format | Date Printed: **4/25/2007**<br>Time Printed: **11:56AM**<br>Printed By: **SCB** |
| --- | --- | --- |

| Date | **2/07/2007** Time | **1:18PM** | **1:18PM** | Duration | **0.00** (hours) | Code | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Subject | **Traynor v. Liu** | | | | | Staff | **Stephen P Casarino** |
| Client | **,** | | | MatterRef **Traynor, Elizabeth v. Liu, Davy d/b/a** | | MatterNo **1836** | |
| From | **Angela Shalk** | | | | | | |
| To | **'jfraser@cblh.com'** | | | | | | |
| CC To | | | | | | | |
| Bcc To | | | | | | | |
| Reminders | | (days before) Follow **N** | Done **N** | Notify **N** | Hide **N** | Trigger **N** | Private **N** Status |

| User1 | | | User3 | |
| --- | --- | --- | --- | --- |
| User2 | | | User4 | |

Hi Jennifer.  I spoke with Steve and he said that a video teleconference would be fine for the Mr. Liu's deposition.  Please let me know where in California the office is located.  Mr. Liu lives in Laguna Beach.  If you want to email me some dates that Ms. Rogowski is available I can check Steve's calendar.  Thanks.


**Angela Shalk**

| Filters Used: | | |
|---|---|---|
| 1 Tagged Record | **Email Report** | Date Printed: **4/25/2007** |
| | Form Format | Time Printed: **11:55AM** |
| | | Printed By: **SCB** |

| Date | **2/19/2007** Time | **2:30PM** | **2:30PM** | Duration | **0.00** (hours) | Code | |
|---|---|---|---|---|---|---|---|
| Subject | **RE: Traynor v. Liu** | | | | | Staff | **Stephen P Casarino** |
| Client | **,** | | | MatterRef **Traynor, Elizabeth v. Liu, Davy d/b/a** MatterNo **1836** | | | |
| From | **Angela Shalk** | | | | | | |
| To | **'Jennifer Fraser'** | | | | | | |
| CC To | | | | | | | |
| Bcc To | | | | | | | |
| Reminders | | (days before) Follow | **N** | Done **N** | Notify **N** | Hide **N** | Trigger **N** Private **N** Status |

| User1 | | | User3 | |
|---|---|---|---|---|
| User2 | | | User4 | |

Hi Jennifer.  I have not heard back from our client regarding his deposition.  I will let you know as soon as possible.  Thanks.

-----Original Message-----
From: Jennifer Fraser [mailto:JFraser@cblh.com]
Sent: Wednesday, February 07, 2007 3:15 PM
To: Angela Shalk
Subject: RE: Traynor v. Liu


Dear Angela,

Our California office is in Los Angeles which is relatively close to
Laguna Beach.

As mentioned back in December, we would like to have the deposition in
early March and have yet to hear back regarding available dates for your
client.  We propose March 8 as the date for the deposition.  Please
confirm this date is acceptable or propose other dates around that time.

We look forward to hearing from you.

Jennifer Fraser
Connolly Bove Lodge & Hutz LLP
Suite 800
1990 M Street NW
Washington, DC 20036-3425
TEL (202) 572-0335
FAX (202) 293-6229
jfraser@cblh.com

## CASARINO, CHRISTMAN & SHALK, P.A.

### ATTORNEYS AT LAW

800 NORTH KING STREET

SUITE 200

P.O. BOX 1276

WILMINGTON, DELAWARE 19899

STEPHEN P. CASARINO
COLIN M. SHALK
BETH H. CHRISTMAN
DONALD M. RANSOM
KENNETH M. DOSS
THOMAS P. LEFF
MATTHEW E. O'BYRNE
CHANETA BROOKS MONTOBAN
SARAH C. BRANNAN

REPLY TO OUR MAILING ADDRESS:
P.O. BOX 1276
WILMINGTON, DE 19899

(302) 594-4500

FAX: (302) 594-4509

February 20, 2007

Patricia Smink Rogowski, Esq.
Connolly, Bove, Lodge & Hutz LLP
1007 North Orange Street, The Nemours Building
P.O. Box 2207
Wilmington, DE 19899

    Re:    **Traynor v. Liu**

Dear Patricia:

I understand that you have been trying to schedule the deposition of Mr. Liu by video conference in Los Angeles. As you know, Mr. Liu lives in Laguna Beach which is about an hour drive from Los Angeles. He does not want to drive to Los Angeles. Therefore, I would appreciate it if you could make arrangements to do the video conference deposition at either his studio or someplace in the Laguna Beach area.

Very truly yours,

STEPHEN P. CASARINO

SPC:pw

Filters Used:                          **Email Report**                    Date Printed: **4/25/2007**
**1 Tagged  Record**                                                       Time Printed: **11:55AM**
                                        Form Format                        Printed By: **SCB**

Date          **2/20/2007** Time      **3:10PM**    **3:10PM**   Duration    **0.00** (hours)    Code
Subject       **Traynor v. Liu**                                                    Staff    **Stephen P Casarino**
Client        **,**                              MatterRef  **Traynor, Elizabeth v. Liu, Davy d/b/a** MatterNo **1836**
From          **Angela Shalk**
To            **'jfraser@cblh.com'**
CC To
Bcc To
Reminders                  (days before) Follow   **N**   Done  **N**   Notify   **N**   Hide   **N**   Trigger **N**  Private **N**  Status

User1                                                    User3
User2                                                    User4
            **Hi Ms. Fraser.  Steve spoke with our client yesterday about his deposition.  He does not want to travel
            to Los Angeles but would be willing to have the depo taken in his office or another place in the area
            where he is located.  Would you please get back to me on this.**

            **Angela**

Filters Used:

1 Tagged   Record

# Email Report

## Form Format

Date Printed:  **4/25/2007**
Time Printed:  **11:48AM**
Printed By:  **SCB**

| | | | | | | |
|---|---|---|---|---|---|---|
| Date | **3/28/2007** Time | **3:04PM** | **3:04PM** | Duration | **0.00** (hours) | Code |
| Subject | **RE: Davy Liu and Joan Liu Deposition Date, Traynor v. Liu, our** | | | | | Staff  **Stephen P Casarino** |
| Client | **,** | | | MatterRef  **Traynor, Elizabeth v. Liu, Davy d/b/a** | | MatterNo **1836** |
| From | **Stephen Casarino** | | | | | |
| To | **'Geoffrey A. Zelley'** | | | | | |
| CC To | | | | | | |
| Bcc To | | | | | | |
| Reminders | | (days before) Follow | **N** Done **N** Notify | **N** Hide | **N** Trigger **N** Private **N** Status | |
| User1 | | | User3 | | | |
| User2 | | | User4 | | | |

i told jennifer that i could make myself on the dates she suggested.  however i still feel that i should be with my client during his deposition.  i intend to file a motion for a protective order.

-----Original Message-----
From: Geoffrey A. Zelley [mailto:GZelley@cblh.com]
Sent: Wednesday, March 28, 2007 2:10 PM
To: Stephen Casarino
Cc: Angela Shalk; Jennifer Fraser
Subject: Davy Liu and Joan Liu Deposition Date, Traynor v. Liu, our reference 4586*2


Mr. Casarino,

I am writing to confirm that due to your vacation, we have agreed to postpone the depositions of Davy Liu and Joan Huaag Liu, originally scheduled for April 4 in Irvine, CA.  As you discussed with Ms. Fraser, we understand that your client will be available for deposition at some point between April 19 and April 29, and we will discuss a new date for both depositions upon your return April 10th.  We have been trying to obtain a deposition date for Mr. Liu since December, and do not want to further delay past April 29.  We also request that you inform us if you will be able to inform Joan Liu of the postponement.  If not, please let us know, and we will let her know of the postponement.


Geoffrey A. Zelley

Connolly Bove Lodge & Hutz LLP
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899
(302)658-9141
(302)252-4238 (direct dial)
(302)658-5614 (fax)
gzelley@cblh.com


This e-mail message, including any attached documents, is intended only for use by the addressee(s) named herein and may contain information which is privileged and/or confidential and

Filters Used:

1 Tagged   Record

# Email Report

Form Format

Date Printed:  **4/25/2007**

Time Printed:  **11:48AM**

Printed By:  **SCB**

may be an attorney-client communication and work product of counsel.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or use of the contents of this e-mail is strictly prohibited and may be a violation of law.  Please notify the sender by reply e-mail or telephone (302-658-9141) to advise the sender of the error in transmission and permanently delete the message and any accompanying attachments from your system and any printout thereof.

To ensure compliance with IRS requirements, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**EXHIBIT C**



# CONNOLLY BOVE LODGE & HUTZ LLP

ATTORNEYS AT LAW

WILMINGTON, DE

Geoffrey A. Zelley
Associate
TEL (302) 658-9141
FAX (302) 658 5614
EMAIL gzelley@cblh.com
REPLY TO Wilmington Office

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

March 8, 2007

**By Hand Delivery**

Stephen P. Casarino, Esq.
Casarino Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

Re: Elizabeth Traynor v. Davy Liu
Case No. 06-441-SLR
Our File: 4586-2

Dear Mr. Casarino:

On February 5, 2007, we sent a letter requesting supplementation of Davy Liu's responses to Elizabeth Traynor's Requests for Production. To date, we have not received the requested supplementation. As we have previously stated, Defendant's continued delay in producing documents hinders Plaintiff's preparation for upcoming depositions. In light of the obvious deficiencies of Defendant's responses to Plaintiff's Requests for Production, we request that supplementation be supplied as soon as possible, with enough time for sufficient review of produced documentation prior to Mr. Liu's deposition. We have been more than patient to this point, and our request is not unreasonable in light of Defendant's continued delay in production. Plaintiff does not wish to burden the Court with a discovery motion, even where responses are so clearly deficient, but is prepared to take whatever action is necessary to ensure that Plaintiff is not unduly prejudiced.

Additionally, beginning in early December 2006, we have repeatedly approached you about setting a date for Mr. Liu's deposition, and to date have received no response. We have agreed to depose Mr. Liu in Irvine, CA, a location that is convenient for him. Further delay is unacceptable, and we request a date to depose Mr. Liu as soon as possible. Should no date be furnished, we are prepared to file a notice of deposition with a date convenient to us.

Very truly yours,

Geoffrey A. Zelley

GAZ:JF

WILMINGTON, DE          WASHINGTON, DC          LOS ANGELES, CA

<u>CERTIFICATE OF SERVICE</u>

I, SARAH C. BRANNAN,  hereby certify that I have caused to be deposited in the U.S. Mail, postage prepaid, the 4th day of May, 2007, true and correct copies of the attached Defendant's Reply Brief In Support of Motion for Protective Order, addressed to:

Patricia Smink Rogowski, Esq.
Connolly, Bove, Lodge & Hutz LLP
1007 North Orange Street, The Nemours Building
P.O. Box 2207
Wilmington, DE 19899

CASARINO, CHRISTMAN & SHALK, P.A.

Stephen P. Casarino, Esq.
Del. Bar ID No. 174
Sarah C. Brannan, Esq.
Del. Bar ID No. 4685
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorneys for Defendant